(118 App. Div. 29)

GREENWALD et al. v. GOTHAM–ATTUCKS MUSIC CO.

(Supreme Court, Appellate Division, First Department.   March 8, 1907.)

1. PARTNERSHIP—ACTIONS BETWEEN PARTNERS—RECEIVER.

In an action between partners for an accounting and recovery of the amount due them, no claim being made that defendant was not responsible or able to respond to any judgment which plaintiffs might recover, and no dissolution of the partnership being asked, the appointment of a receiver

pending the action to take charge of the partnership property was unauthorized.

2. SAME—INJUNCTION.

In an action between partners for an accounting, no dissolution being asked, an injunction pending the action restraining defendant from doing that which the partnership agreement gave it the right to do was unauthorized, in the absence of a showing that defendant, unless restrained, would do some act during the pendency of the action which would produce injury to plaintiffs, or that it had threatened to do some act in violation of plaintiffs' rights.

Appeal from Special Term, New York County.

Action by Daniel Greenwald and others against the Gotham-Attucks Music Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Charles F. Brown and Benno Loewy, for appellant.

I. N. Jacobson, for respondents.

McLAUGHLIN, J. The complaint in this action alleges that the plaintiffs are copartners engaged in the business of publishing and selling musical compositions, which business is carried on under the name of the "Morris-Harris Music Publishing Company"; that the defendant is a domestic corporation; that on and prior to the 15th day of September, 1906, the plaintiffs owned a musical composition known as "He's a Cousin of Mine," and on or about that day they sold and assigned to the defendant an undivided one-half interest in the same, in consideration of which it was agreed by and between plaintiffs and defendant that such composition was to be owned jointly by them; that all profits to be derived from such publication and sale were to be divided equally between them; that losses, if any were sustained, were to be borne in the same proportion; that statements were to be made of the receipts and disbursements each week, when settlements were to be made; that defendant published such musical composition, and has made large profits therefrom, but has neglected and refused to make the statements or settlements according to the agreement, and the judgment demanded is that a receiver be appointed of the partnership property during the pendency of the action, and that defendant be compelled to render an account in accordance with the agreement.

After the action had been commenced plaintiffs applied upon the complaint and an affidavit for the appointment of a receiver during the pendency of the action. The application was opposed, but, notwithstanding that fact, it resulted in the order appealed from, which appointed a receiver of "the publication and sale of the song 'He's a Cousin of Mine'" during the pendency of the action, and authorized the receiver during that time to publish and sell the composition; ordered and directed the officers, directors, and agents of the defendant to deliver to the receiver the plates, books, memoranda, statements, papers, and documents relating to the publication and sale of such composition; also restrained the defendant, its officers, and agents from in any way interfering with the receiver in the sale of such composition.

The order appealed from must be reversed. There is no legal principle of which I am aware by which it can be sustained. The action is not brought for a dissolution of the partnership or for the sale of its property. There is no authority which justifies the appointment of a receiver of partnership property unless the partnership has been terminated, or there has been a breach of the partnership agreement or other cause which justifies a dissolution. In case of the death of one partner, the survivor must wind up the business, pay the debts, and distribute the assets among those legally entitled thereto. During the lives of the partners, the business must be conducted by them, and cannot be taken out of their hands, unless facts be shown justifying a dissolution and sale of the partnership property. Here a dissolution and sale is not asked, and, so far as appears, is not desired. What the plaintiffs want is an accounting and payment of whatever may be found due them, and not a fact is alleged which would justify even an inference that the defendant is not responsible or able to respond to any judgment which plaintiffs may recover. There is nothing in the moving papers to show that the defendant has done, threatened, or is about to do any act which would injure the plaintiffs or render in any degree ineffectual a judgment which might be obtained, or during the pendency of the action injure or depreciate to any extent the partnership property. Under such circumstances a receiver could not be appointed, or the defendant restrained from carrying on the partnership business.

Before the defendant could be enjoined from doing that which the agreement gave it the right to do, the plaintiffs were bound to show that the defendant, unless restrained, would do some act during the pendency of the action which would produce injury to the plaintiffs, or that it had threatened to do some act in violation of plaintiffs' rights, incident to or connected with the subject-matter of the action. Clark v. King & Bro. Pub. Co., 40 App. Div. 405, 57 N. Y. Supp. 975; Code Civ. Proc. § 603.

Other errors are alleged, but it is unnecessary to consider them.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.