## HASTINGS v. TOUSEY et al.

(Supreme Court, Appellate Division, First Department. November 15, 1907.)

1. RECEIVERS—GROUNDS OF APPOINTMENT—PRESERVATION OF PROPERTY PENDING LITIGATION.

Generally stated, the principal ground for the appointment of a receiver is danger of the loss of or injury to the property or thing in controversy before the court can make a disposition thereof by a final decree on the merits.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Receivers, § 24.]

2. SAME.

Code Civ. Proc. § 713, having prescribed the cases in which a receiver may be appointed and specifying the cases in which a receivership may be had as a proceeding in and pending an action, has excluded every other case, and prohibited an appointment except as authorized.

3. SAME—RIGHT OR INTEREST IN PROPERTY REQUIRING PROTECTION.

Where a stockholder, suing a corporation and its officers, and asking for a receiver pending the action, brings his action in theory in behalf of the corporation, an allegation that the interests of the plaintiff are unsafe in the hands of the president of the corporation is not to the point, since his interests, except as a stockholder, are not involved in the suit.

4. SAME—EXCESSIVE SALARIES.

Primarily the directors of a corporation, acting in good faith, which is presumed, determine the question of salaries, and mere recklessness of a pleader in concluding that salaries are excessive ought not to permit of a receivership, when there is nothing to show that plaintiff's rights may not be fully secured without such arbitrary interference with the exercise of the corporate franchise.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2207.]

5. SAME.

Where it is not shown that a corporation and its officers are insolvent, or unable for any reason to comply with any judgment which may be rendered in the action, or that its property is to be taken out of the juris diction of the court, or is going to be lost, materially injured, or destroyed, or that the interests of the corporation are not safe in the hands of the board of directors, a receiver will not be appointed at the instance of a stockholder, under Code Civ. Proc. § 713, providing for a receiver

pendente lite "on the application of a party who establishes an apparent right to or interest in the property, where it is in the possession of an adverse party and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed."

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2201.]

Appeal from Special Term.

Action for receiver by George G. Hastings, executor, against Sinclair Tousey and others. From an order appointing a temporary receiver, defendants appeal. Order reversed, and motion denied.

See 105 N. Y. Supp. 834.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

James M. Hunt, for appellants.
J. Aspinwall Hodge, for respondent.

LAMBERT, J. The plaintiff, as executor of the estate of Rosalie T. Hastings, deceased, a stockholder in the defendant corporation, brings this action in equity to procure a judgment restraining the individual defendants from in any manner interfering with the assets or property of the defendant corporation, or disposing of the same; suspending them from the offices of directors, president, vice president, and secretary and treasurer, respectively; that a receiver be appointed of the property and assets of the defendant corporation, giving power and authority to such receiver to conduct the business of the defendant corporation; that the individual defendants account for and pay over to the corporation any funds improperly lost or wasted; and that a temporary receiver be appointed. The pleadings are very elaborate, and suggest misconduct principally on the part of Sinclair Tousey, the president of the corporation; and the order here under consideration gives to the plaintiff much of the relief which he seeks in the action, going to the extent of investing the receiver with "all of the property, assets, and effects of every description," and authorizing the temporary receiver "to carry on the business of said corporation as heretofore carried on, during the pendency of this action, or until the further order of this court."

As I understand the law, the main purpose of a receiver is the preservation of the property or thing in controversy pending the litigation concerning it, so that the principal ground for the appointment of a receiver is, generally stated, danger of the loss of or injury to such property or thing in controversy before the court can make a disposition thereof by a final decree on the merits. 23 Am. & Eng. Ency. of Law. This is the spirit of our own Code of Civil Procedure, which provides, in section 713, that, in addition to the cases where the appointment of a receiver is specially provided for by law, a receiver of property which is the subject of an action may be appointed by the court before final judgment "on the application of a party who establishes an apparent right to, or interest in, the property, where it is in the possession of an adverse party, and there is danger that it will be removed beyond the jurisdiction of the court, or lost, materially injured, or destroyed." This provision of the Code of Civil Procedure having prescribed the cases in which a receiver may be appointed,

and specifying the cases in which a receivership may be had pending the action, and as a proceeding in the action, has excluded every other case, and prohibited the appointment except as authorized. Fellows v. Heermans, 13 Abb. Prac. (N. S.) 1, 7. And the court in Mahon v. Ongley Electric Co., 156 N. Y. 196, 202, 203, 50 N. E. 805, 806, 807, say:

"Courts do not appoint receivers merely for the asking, but only on facts, alleged and proved, showing that one is necessary for the preservation of property, or to accomplish some other useful object. * * * The jurisdiction however, is extraordinary, and is exercised only when necessary to 'protect some clear right of a suitor which would otherwise be lost or greatly injured and which could not be saved or protected by any other action or mode of proceeding.'"

The plaintiff pleads voluminously, but he nowhere suggests that either the corporation or any of the various defendants are insolvent, or unable for any reason to comply with any judgment which may be entered in the action. There is no suggestion that the property is to be taken out of the jurisdiction of the court, or that it is going to be lost, materially injured, or destroyed. There is a broad allegation that "the affairs of the corporation have been grossly mismanaged, and the interests of the plaintiff are unsafe in the hands of Sinclair Tousey"; but the plaintiff's interests are not involved in this action, except as a stockholder of the corporation. He brings this action, in theory, in behalf of the corporation, and an allegation as to his interests is not to the point. He does not allege that the interests of the corporation are not safe in the hands of the board of directors, and there is no fact stated from which it can be inferred that the corporation, as such, will suffer any loss from the situation just as it is, pending the determination of this litigation. Sinclair Tousey, the president, is concededly the real owner of one-half of the stock of this corporation. The business has been successful under his management for four or five years at least, probably for a much longer time, and there is no fact to be found in the pleadings which would tend to show that the management would result in any loss to the corporation, as such, unless it be found in the declaration of the complaint, amounting only to a conclusion, that "such profits as there are, and which have accrued to the estate during the past seven months, have been and are being absorbed in excessive salaries as aforesaid," though it appears that Mr. Tousey is drawing only the same salary that he drew during the lifetime of the plaintiff's testatrix and with her full consent, and the other salaries are not definitely known to the plaintiff. Primarily the directors of a corporation acting in good faith—and good faith is presumed—determine the question of salaries, and mere recklessness on the part of a pleader in concluding that salaries are excessive ought not to prevail in a court of equity, and permit of a receivership, where there is nothing to show that the plaintiff's rights may not be fully secured without such arbitrary interference with the exercise of a corporate franchise.

To take away the right of the defendant Tousey, concededly the owner of one-half of the stock, in conjunction with a board of directors lawfully chosen, to conduct the business, which is not shown to be

insolvent, and in which no rights of creditors are involved, and in which there is no suggestion that the defendants are not individually solvent, is to subject him to the liability of great loss in prestige and in individual credit, and is to impose upon this concededly solvent corporation the burdens of a receivership for which there is no occasion shown in the pleadings.

The order appealed from should be reversed, with costs, and the motion denied.

PATTERSON, P. J., concurs in result.

SCOTT, J. (concurring). Neither the complaint nor the moving affidavits show that the defendant corporation is insolvent, or in danger of becoming insolvent, or that any reason exists which, according to our practice, would authorize the appointment of a receiver. All that is disclosed is that plaintiff, claiming to own, as executor of his deceased's wife's estate, one-half the capital stock, is dissatisfied with the management of the corporation.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM and CLARKE, JJ., concur.