SHUBERT v. LAUGHLIN.

(Supreme Court, Appellate Division, First Department. December 13, 1907.)

1. PARTNERSHIP—ACTIONS BETWEEN PARTNERS—RECEIVERS.

Where an action by a partner against a copartner is not brought for a dissolution of the firm, but to continue the partnership and oust the copartner from the management secured to him by firm agreement, and to obtain the management for plaintiff, the appointment of a receiver pending the action is improper.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 181½.]

2. SAME—PARTIES.

Where, after a partner and copartner had assigned their interests in the firm to a third person, the partner sued his copartner to deprive him of the management secured to him by the firm agreement, the copartner was entitled to have the third person made a party, so that any judgment might be binding on him.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 178.]

3. ABATEMENT AND REVIVAL—UNNECESSARY ACTION—ANOTHER ACTION PENDING.

Where a partner in a firm engaged in the business of conducting a theater in a county brought an action in the county against his copartner and a third person with reference to partnership affairs, the copartner, though not served with process, should not be permitted to sue the partner in another county, but the matters in dispute should be determined in the first action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 39–72.]

Appeal from Special Term, Erie County.

Action by Lee Shubert against John Laughlin. From an order appointing receivers, defendant appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Moses Shire, for appellant.
William Klein, for respondent.

SCOTT, J. The defendant appeals from an order by which the plaintiff and one Charles O. Maas were appointed receivers pendente lite. of copartnership property. The material facts are not complicated. In July, 1905, the defendant held a lease of the Lyceum Theater, in Buffalo, running to September 1, 1906, and a further lease of the same premises running to August 31, 1911, with an option to extend it to August 31, 1915. The plaintiff was a theatrical manager, and booking agent for theatrical companies. On July 31, 1905, plaintiff and defendant entered into a copartnership agreement in the enterprise of managing and conducting said theater during the term covered by the aforesaid leases and option. To this partnership plaintiff contributed the leases above mentioned, and defendant contributed his skill as manager and booking agent. The parties agreed to equally share and bear all expenses necessary to be incurred and all profits realized. The defendant was to be local manager of the theater, drawing a salary of $100 per week for at least 40 weeks in each year. The agreement contained an express covenant against the assignment or transfer by either partner of his interest therein, except that, if a certain corporation was organized, both parties should assign the copartnership agreement to it. Such corporation was apparently never organized. By a collateral agreement made on July 31, 1905, the plaintiff agreed to furnish or book for said theater at least 20 attractions in the minimum in each season. In the spring or early summer of 1907 plaintiff associated himself with other managers in a New Jersey corporation known as the "United States Amusement Company," and assigned his interest in the copartnership property and agreement to that company. Defendant was importuned by plaintiff to also assign his interest in the copartnership agreement and property to said Amusement Company, and after some demur did so, being induced so to do, as he says, by promises of employment in other theaters made to him by one Erlanger, the president of the Amusement Company.

It is not denied that these promises were made, nor that they were never fulfilled. When defendant failed to get the employment promised to him, he undertook to disavow and repudiate his assignment to the Amusement Company. Plaintiff says that he has withdrawn from or canceled his assignment to the Amusement Company; but whether this has been effectually done or not does not clearly appear. It is not very important, however, for the purposes of this appeal, because it is clear that the plaintiff's interests are identical with those of the Amusement Company. On August 24, 1907, after a performance in the theater, a number of representatives of the Amusement Company took physical possession of the theater, and when defendant on the next morning attempted to exercise acts of proprietorship he was violently assaulted and ejected. Thereupon defendant commenced an action in the Supreme Court in Erie county, joining as defendants the present plaintiff and the United States Amusement Company, and obtained a temporary injunction restraining said defendants from in-

terfering with him in the possession and management of the theater. The summons and order were not served on plaintiff, because he was temporarily absent from the state; but it is evident that he knew of the commencement of the action and the issuance of the injunction. Thereupon the present action was commenced, and the order appealed from was made appointing plaintiff and the said Maas receivers, with authority to continue the business, and enjoining defendant from interfering with them in any way.

There are several reasons why the order must be reversed. In the first place, the action is not brought for a dissolution of the partnership, and no relief of that nature is prayed for. The plaintiff's apparent purpose is to continue the partnership, but to oust defendant from the management secured to him by the copartnership agreement, and to assume such management himself. For this reason, if for no other, the order was improperly made. Greenwald v. Gotham-Attucks Co., 118 App. Div. 29, 103 N. Y. Supp. 123. In the second place, no order disposing of the possession and control of the property should be made without the presence, as a party, of the United States Amusement Company. It appears that both partners at one time or another assigned their interests to that company. What rights or claims it may have we cannot tell; but it is entitled to be heard, and the defendant is entitled to have it a party to the action, so that any judgment may be binding upon it. In the third place, the matters in dispute between the parties can be and should be adjusted and determined in the action in Erie county. It may be that plaintiff had the legal right to bring this action; but, when the discretion of the court was appealed to by the motion for the appointment of receivers, that discretion would have been properly exercised if the parties had been remitted to the action already begun. It is not conducive to the orderly administration of justice that two actions should be pending at the same time in the same court to settle the same dispute, when the whole matter can be disposed of in the action first begun. It is true that plaintiff has not been served with process in that action; but he is named as defendant therein, and can intervene and appear whenever he pleases, and by his answer can ask for any equitable relief to which he deems himself entitled.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.