JOSEPH v. HERZIG.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. RECEIVERS (§ 19*)—GROUNDS FOR APPOINTMENT.

Where decedent's estate consisted mainly of his interest in a partnership, that the surviving partner, who was decedent's executor, failed to account for certain assets, of which the principal item was the good will of the partnership and the value of the use of the firm name, which he had appropriated for a new partnership, did not justify the appointment, in an action by the daughter and executrix of decedent against such executor, of a receiver pendente lite of the property of the old firm; it not being alleged that defendant was insolvent, or likely to become insolvent.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 27; Dec. Dig. § 19.*]

2. RECEIVERS (§ 16*)—GROUNDS FOR APPOINTMENT.

The appointment of a temporary receiver, in advance of a trial, cannot be justified merely because plaintiff shows that he is apparently entitled to some recovery, especially where defendant, of whose property a receiver is applied for, is engaged in a going business, and is apparently solvent and well able to respond to any judgment that may be obtained against him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 24; Dec. Dig. § 16.*]

Appeal from Special Term, New York County.

Action by Jeanette Herzig Joseph, as executrix of the last will and testament of Philip Herzig, deceased, against Simon Herzig, individually and as executor of the last will of Philip Herzig, deceased. From an order granting a motion for the appointment of a receiver, defendant appeals. Order reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Harold Nathan, for appellant.

John A. Garver, for respondent.

SCOTT, J. This is an action between the executrix and the executor of Philip Herzig, deceased. Plaintiff is his daughter. Defendant was his brother and his partner in the firm of Herzig Bros. As the estate consisted mainly, if not entirely, of the interest of decedent in the copartnership, the defendant has assumed the active administra-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion of the estate, and has apparently excluded the widow from participation therein. The defendant has gone through the form of accounting in the Surrogate's Court; but the plaintiff insists that he has failed to account for certain assets, of which the principal item is the good will of the copartnership and the value of the use of the firm name, which the defendant has appropriated and used for a new copartnership organized by him after his brother's death. The circumstances, so far as described by the papers before us, are quite similar to those in Slater v. Slater, 175 N. Y. 143, 67 N. E. 224, 61 L. R. A. 796, 96 Am. St. Rep. 605, and, without undertaking to decide the question in advance, it may be said to appear probable that the defendant will be found liable to account for the value of the good will and the use of the firm name, and perhaps for other assets. The present appeal is from an order appointing a receiver pendente lite of the copartnership property, assets, and effects of the late firm of Herzig Bros., with an alternative clause to the effect that the defendant may, in lieu of the appointment of a receiver, file with the clerk an undertaking in the sum of $100,000, and deposit with said clerk the books of account of said late firm, and all books of account used in connection with the continuance of said business since the death of Philip Herzig.

We think that the appointment of a receiver at this time is unnecessary and unadvisable. Assuming, as we must for the purposes of this appeal, that it will be found that the defendant has appropriated, and now has in his hands, unadministered, assets of the estate for which he should account, he still remains an executor of the estate, and as such is entitled to hold the assets until required by a proper decree to account for them and pay them over. It is not alleged that he is insolvent, or unable to respond to any decree, or likely to become insolvent or unable. On the contrary, it is alleged that the business has greatly increased since the death of Philip Herzig, from which the natural implication follows that defendant's means and responsibility have increased. If the contrary be the fact, and there be any doubt of defendant's financial responsibility, the surrogate has ample power to compel him to give adequate security. Indeed, there appears to be nothing tangible, at the present moment, upon which a receiver could lay his hands. He could but prosecute an action, similar to the present, which the plaintiff can equally well prosecute. The appointment of a temporary receiver, in advance of a trial, is not to be lightly made, and cannot be justified merely because the plaintiff shows that he is apparently entitled to some recovery; and especially is this so where the defendant, of whose property a receiver is applied for, is engaged in a going business, and is apparently solvent and well able to respond to any judgment that may be obtained against him. If, when a trial has been had and an interlocutory judgment obtained, it appears that it will be necessary to appoint a receiver to carry the judgment into effect, a different question will be presented.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.