DUDLEY v. PLATT.

(Supreme Court, Special Term, New York County. June, 1909.)

1. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

Violations by a joint-stock association, engaged in the express business, of federal statutes or of state laws, furnishing grounds for criminal proceedings, are not grounds for the appointment of a temporary receiver on motion of a stockholder.

[Ed. Note.—For other cases, see Joint-Stock Companies, Dec. Dig. § 20.*]

2. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

A temporary receiver of a going joint-stock association will not be appointed, on motion of a stockholder, merely because of irreconcilable differences of great magnitude between the stockholders and the management.

[Ed. Note.—For other cases, see Joint-Stock Companies, Dec. Dig. § 20.*]

3. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

A joint-stock association engaged in the express business started with a nominal capital of $10,000,000, but with a very small amount of actual assets. The officers so managed the association that a surplus of about $10,000,000 was accumulated, and the surplus represented the net earnings of the association in addition to dividends paid. About 50 per cent. of the accumulated net earnings accrued during eight years. *Held*, that a stockholder, complaining of the management of the association during such eight years, was not entitled to the appointment of a temporary receiver of the association on the ground of mismanagement or waste of the assets of the association.

[Ed. Note.—For other cases, see Joint-Stock Companies, Dec. Dig. § 20.*]

4. JOINT-STOCK COMPANIES (§ 16*)—ARTICLES OF ASSOCIATION—VIOLATIONS.

The articles of association of a joint-stock association doing an express business, which provide that no director subsequently elected shall be concerned or interested in any business or thing detrimental to the interests of the association or in opposition thereto, are violated by the board of directors electing to fill vacancies in the board the presidents of rival express companies.

[Ed. Note.—For other cases, see Joint-Stock Companies, Dec. Dig. § 16.*]

5. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

The board of directors of a joint-stock association engaging in the express business elected the presidents of rival companies to fill vacancies in the board, in violation of an article of the association. The stockholders acquiesced in such election for about eight years, and in no way expressed their disapproval. During that period the gross business of the association rapidly and substantially increased, and the net results in accumulating earnings were very large. *Held*, that a stockholder, acquiescing in the act of the board of directors, was not entitled to the appoint-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment of a receiver of the association because of the board's violation of an article of the association.

[Ed. Note.—For other cases, see Joint-Stock Companies, Dec. Dig. § 20.*]

6. JOINT-STOCK COMPANIES (§ 20*)—RECEIVERSHIP—GROUNDS.

The articles of association of a joint-stock association provided, as permitted by law, that no meeting of stockholders could be called except on the request of two-thirds of them. For 45 years no stockholders' meeting was ever called. During that period none but the most meager and unsatisfactory statements were furnished to stockholders by the officers. All efforts to have a call issued for a stockholders' meeting proved unavailing, and requests for more detailed information to stockholders were ignored. The officers, many of whom were relatives of the president, received for many years generous salaries. There was nothing to show that either the president or other officers failed to perform their duty in the management of the association, or that it suffered by reason of their continuance in office. *Held*, that a stockholder was not entitled to the appointment of a temporary receiver.

[Ed. Note.—For other cases, see Joint-Stock Companies, Dec. Dig. § 20.*]

Action by one Dudley against one Platt. Heard on motion for the appointment of a temporary receiver of the business, property, good will, and assets of the United States Express Company. Denied.

Louis Hasbrouck Newkirk, for the motion.
O'Brien, Boardman, Platt & Littleton, opposed.

GUY, J. The plaintiff moves for the appointment of a temporary receiver of the business, property, good will, and assets of the United States Express Company, a joint-stock association, on the following grounds: (1) That the charter has been violated. (2) That the federal and state laws have been violated. (3) That the situation in the management of the company is unconscionable and intolerable, and that no remedy exists except in this court. (4) That there are irreconcilable differences of magnitude between the shareholders and the management. (5) That the company has been fraudulently mismanaged and its assets wasted by the directors and officers during the past eight years, and that the fraud, mismanagement, and waste and depletion of assets are continued at the present time, and will continue unless a receiver is appointed.

As to the second ground, if a federal statute has been violated, plaintiff's remedy is to be found in the federal courts; and, while violations of the laws of this state might in certain cases furnish ground for criminal proceedings, I do not see how they constitute sufficient ground for the appointment of a temporary receiver.

As to the fourth ground of the motion, that there are irreconcilable differences of magnitude between the shareholders and the management, it has been well established as the law of this state that disagreement between the members of a partnership furnishes no ground for the appointment of a temporary receiver. For the purposes of this motion plaintiff insists that the application should be deemed an application made by a partner for the dissolution of a partnership concern. In Cohn v. Wahn, 132 App. Div. 849, 117 N. Y. Supp. 633,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Appellate Division, in a learned opinion by Mr. Justice McLaughlin, has very clearly enunciated the law on this subject as follows:

"A receiver pending litigation of a going concern is not to be appointed at the mere suggestion of a party who is not satisfied with the management; on the contrary, such appointment ought never to be made—entailing as it necessarily does large expense and a possibility of serious injury to the business—unless it satisfactorily appears that the interests of the parties or some of them will be jeopardized unless the appointment be made. Joseph v. Herzig (recently decided by this court) 130 App. Div. 707, 115 N. Y. Supp. 330; Shubert v. Laughlin, 122 App. Div. 701, 107 N. Y. Supp. 708; Greenwald v. Gotham-Attucks Music Co., 118 App. Div. 29, 103 N. Y. Supp. 123; Hastings v. Tousey, 121 App. Div. 815, 106 N. Y. Supp. 639."

There is no sufficient proof before me to justify a departure from this established principle.

As to the fifth ground of the motion, that the company has been fraudulently mismanaged and its assets wasted by the directors and officers, etc., I have been unable to find in the moving papers and the various affidavits subsequently submitted any credible evidence of fraudulent mismanagement or of waste of the assets of the company. The proof submitted shows that, starting with a nominal capital of $10,000,000, but with a very small amount of actual assets, the company, under the management of its present officers, has accumulated a surplus of about $10,000,000, so that, instead of nominal assets, it now has actual assets to an amount representing the capitalization of the company, which assets represent the net earnings of the company, from the time of its incorporation, in addition to the dividends paid; and it further appears that about 50 per cent. of such accumulated net earnings have accrued during the past eight years, as to which period plaintiff complains of the management of the company.

As to the first ground stated, that the charter of the association has been violated the plaintiff complains that the defendant directors have been guilty of willful and deliberate violation of article 8 of the association, which provides as follows:

"It is hereby expressly understood and agreed that no director herein named or that may hereafter be elected shall be concerned or interested in any business or thing detrimental to the interests of said company or in opposition thereto."

In 1901 three vacancies existed in the board of directors, and by virtue of the power vested in them by the articles of association the then incumbents, who are now made defendants, filled said vacancies by the election of James C. Fargo, president of the American Express Company, a rival of the United States Express Company, Levi C. Weir, president of the Adams Express Company, another rival of the United States Express Company, and Francis Lynde Stetson, counsel for the firm of J. P. Morgan & Co., a member of which firm was at that time vice president of the Adams Express Company. There can be no question but that the election of said directors Weir and Fargo, who were interested in rival concerns, was a flagrant and defiant violation of the articles of association, and such violation might possibly have furnished a sufficient basis for a proceeding to declare the election of said directors void. But it appears from the moving papers that, though said election of directors occurred in 1901, the stock-

holders of the company, including the plaintiff from the time he became a stockholder, acquiesced therein for a period of about eight years, and in no way expressed their disapproval of such action on the part of the directors until the beginning of the present action; that during said eight years, instead of the business of the company suffering impairment or injury by reason of the ·election of said directors, the gross business of the express company has rapidly and substantially increased, and the net results in accumulating earnings or profits has been very large. In view of such acquiescence on the part of the plaintiff and other stockholders who participated in the benefits resulting from the management of the company during said period, I do not think the present application on their part can receive serious consideration.

The only remaining ground of the motion to be considered is that the situation in the management of the company is unconscionable and intolerable, and that no remedy exists except in this court. It appears that by a provision of the articles of association no meeting of stockholders can be called except on the request of two-thirds of all the stockholders; that during a period of 45 years no such meeting has been called; that during that period none but the most meager and unsatisfactory statements have been furnished to stockholders by the directors and officers of the company; that all efforts to have a call issued for a stockholders' meeting have proved unavailing, and all requests that more detailed information be furnished to stockholders have been practically ignored. It also appears that, availing themselves of this situation, the present officers of the company, many of whom are relatives of the president, have for many years succeeded in continuing in office at salaries which are apparently generous, but not exorbitant. There is no evidence which would warrant the conclusion that either the president or the other officers of the company have failed to perform their duty in the management of the company, or that the company has suffered by reason of their continuance in office. It is true that the plaintiff complains of the loss of a certain contract embodying the privilege of carrying express packages over a certain railroad; but it appears abundantly that the loss of such contract was due to causes entirely extraneous to defendants' management, and that similar losses occurred before the election of said directors in 1901. It also appears that the loss of the contract in question has been offset by gains in other directions. There can be no question that the conditions complained of, the inability to bring about meetings of stockholders, or to obtain detailed information of the company's affairs, and the control of the company by a self-perpetuating board, are grievous, and might well discourage those who sought to invest in the shares of the company; but the plaintiff, in purchasing his shares of stock, may be presumed to have had knowledge of the articles of association, and the interest required by him is subject thereto. The conditions complained of exist by virtue of articles of association permitted by the laws of this state, and do not, in my opinion, furnish grounds for relief at the hands of this court. The remedy to be sought is legislative, not judicial.

I find, therefore, upon all the proof submitted to me, that no sufficient ground is presented to justify the court, on the application of one stockholder out of many hundreds who are interested in this company, in appointing a temporary receiver of its affairs, with the almost inevitable loss of business that must ensue, the confusion in the conduct of its affairs, and the consequent damage to the great body of stockholders. With a company which is abundantly solvent, with no actual fraud established on the part of the management, with no proof of any immediate threatening danger to its property or affairs, I am unable to see how the court could find that the appointment of a temporary receiver is necessary "to conserve the property or to preserve the status quo, so that judgment when finally rendered may be effectual," which alone would justify the appointment of a temporary receiver.

For these reasons, the motion to appoint a temporary receiver herein is denied.