HAUSER v. HERZOG.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. MOTIONS (§ 39*)—REARGUMENT—RECORD.

A motion for reargument of a motion must be based on the original papers.

[Ed. Note.—For other cases, see Motions, Cent. Dig. § 48; Dec. Dig. § 39.*]

2. ATTORNEY AND CLIENT (§ 24*)—MOTION FOR REARGUMENT OF MOTION—LIABILITY OF ATTORNEY.

The court, denying a motion for reargument of a motion, should not impose costs personally on the attorney appearing in support of the motion, on the ground of alleged false statements in his affidavit, where he showed that one statement, which was false, was inadvertently made, and had nothing to do with the case, and where the other statement was in fact true.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 24.*]

Appeal from Special Term, New York County.

Action by Carl Hauser against Soma Herzog. From so much of an order denying a motion for reargument as imposes costs on Walter M. Rosebault, plaintiff's attorney, he appeals. Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Walter M. Rosebault, in pro. per.

Isidore Neustaedter (Meyer D. Siegel, of counsel), for respondent.

CLARKE, J. This is an appeal by the attorney for plaintiff from so much of an order denying a motion for a reargument of a motion for the appointment of a receiver as imposes $10 costs to be paid by him personally. The appeal is taken because of the statement of the court in its opinion, which is as follows:

"There are two false statements in the affidavit of plaintiff's attorney, verified August 5th: First, 'that the defendant has not yet appeared in the action by attorney and has not served an answer herein,' whereas the defendant appeared and served his answer on July 13th; and, second, 'the defendant has withheld from the plaintiff the books of account and vouchers, and has refused and still refuses to allow him to inspect or examine the same.' In accordance with an order granted by Mr. Justice Geigerich on July 21st, plaintiff had an examination and inspection of the books of account and vouchers at the office of the defendant's attorney on parts of two days. The

explanations of the attorney are insufficient. There is no ground shown which would justify the appointment of a receiver. The motion for reargument is denied, with $10 costs to be paid by the plaintiff's attorney personally."

Upon the original motion for a receiver, a memorandum was published on the 9th day of July:

"Motion denied, on the authority of Greenwald v. Gotham-Attucks Music Co., 118 App. Div. 29 [103 N. Y. Supp. 123]. Submit order."

The appellant in his affidavit says:

"When the decision denying the motion for a receiver herein was published, I prepared an affidavit upon which to apply for a rehearing. At that time, July 9th, the defendant had not yet served a notice of appearance, and I so stated, as I was required to do by the rules. The order to show cause could not be obtained immediately, and later the affidavit was recopied and re-executed, and in this new affidavit, by inadvertence of a copyist, the statement regarding the defendant's nonappearance was retained, although he had in the interval served a notice of appearance. No claim or suggestion of default was made."

This statement, which appeared in the affidavit verified on August 5th, of course, was not true at that time; but it was a statement which had nothing to do with the merits of the motion for a reargument. That motion was made upon the ground that the Greenwald Case was inapplicable; that it determined that there was no authority for the appointment of a receiver of copartnership property, unless the partnership was terminated, or there had been a breach of the agreement or other cause justifying a dissolution. The attempt, on the motion, was to show that it was conceded upon both sides that the partnership or joint venture had absolutely terminated, and that therefore the authority cited had no application.

Speaking of the original papers, the affidavit stated:

"The plaintiff's papers, moreover, show sufficient cause for the appointment of a receiver, even if there were a copartnership still existing and not dissolved, in that it is set forth that the defendant had withheld from the plaintiff the books of account and vouchers, and has refused and still refuses to let him inspect or examine the same."

It is the phrase "and still refuses to let him examine or inspect the same" that the court has characterized as a false statement. There the court fell into evident error. The statement set forth what the original papers showed, and the statement in those papers was true, because at that time the defendant had refused to show the books and vouchers, and only did show them subsequently under an order of the court. So the statement was true, and not false. It was true as setting forth the statement in the papers, and that statement was true. The affidavit went on:

"By reason of the facts stated, it is evident that the learned justice decided this motion under a misapprehension of the papers that were before him, and a rehearing of the said motion is therefore applied for."

It is evident that the motion for a rehearing must be based upon the original papers. The appellant attempted to show upon the original papers two things: First, that the authority relied upon had been misapplied; and, second, that even under the case cited other facts existed

authorizing a receiver, namely, the refusal of the one partner to exhibit books, papers, and vouchers to the other. While this fine may seem a small matter, yet the characterization in a judicial proceeding of an attorney's statements as false, and the imposition of costs upon him personally, is a serious reflection upon his professional conduct.

We think the explanation was complete, and should have been accepted. This court holds its attorneys to a strict responsibility. We should also protect them from unjust aspersions.

The order, so far as appealed from, is reversed, without costs. All concur.