PHILIP A. SCHINDLER and Another, Copartners, Engaged in Business under the Firm Name and Style of SCHINDLER & LIEBLER, and Others, Plaintiffs, *v.* GEORGE RINGLER & Co., Appellant.

CHRISTIAN E. JETTER and Another, as Receivers of GEORGE RINGLER & Co., and Others, Respondents.

First Department, July 6, 1923.

Corporations — receivers — motion to terminate receivership of property — receiver was appointed to prevent dissipation of assets — value of assets is ten times amount of debts — receivership was consented to by officers on mistaken belief that it was to be formal — parties requesting receivership did not bring case within General Corporation Law, § 306 — receivership should not have been granted and will be terminated — facts arising since receivership with reference to management of corporation and its internal affairs do not authorize continuance of receivership.

On a motion to terminate a receivership of the property of a corporation, it appeared that the receiver was appointed in the first instance to preserve the assets of the corporation, a going concern, simply for the purpose of paying creditors upon the ground alone that it had no liquid assets for the payment of its debts and that actions which might deplete the corporate assets might be instituted by its creditors; that the value of the assets of the corporation is ten times the amount of the debts; that the receivership was consented to by the officers of the corporation under a mistaken belief that it was to be purely a formal matter and that they were not to be deprived of the management of the corporation.

*Held,* that the receivership serves no legal purpose and should not be continued

since it is not sought to liquidate the property of the corporation which is amply able to pay its debts in full by selling property it does not need for business·operations;

That the receivership cannot be upheld on the ground of charges of misconduct made against officers of the corporation, since those charges are not the subject-matter of the complaint in this action; and it should be terminated for the additional reason that the parties applying for the receivership have not brought themselves within any of the provisions of section 306 of the General Corporation Law.

The receivership cannot be continued on the ground that facts have arisen with reference to the management of the corporation and its internal affairs since the appointment of the receiver; if the internal affairs of the corporation are not being conducted in a proper manner the parties have a remedy.

There being no ultimate purpose for the benefit of the corporation or its creditors to be served, and the original order having been made by consent of those who now seek to have it vacated, the exercise of sound discretion would seem to indicate that the motion for the termination of the receivership must be granted.

Appeal by the defendant, George Ringler & Co., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of May, 1923, denying its motion to terminate a receivership of its property.

*Harry Edwards,* for the plaintiffs.

*Holley & Oxenberg* [*Myle J. Holley* of counsel], for the appellant.

*Francis J. Kuerzi,* for the receivers, respondents.

*Phillips, Leibell & Fielding* [*Paul F. Lorzer* of counsel; *Vincent L. Leibell* with him on the brief], for the intervenors, respondents.

Martin, J.:

The action was instituted by the plaintiffs for the following relief:

(1) Intervening and appointing a receiver of the property of defendant.

(2) That all the assets of the defendant be taken into the possession, care and custody of a receiver appointed and brought into court to the end that such assets be equally and equitably distributed among all the claimants entitled thereto.

(3) That pending the final judgment herein, this court immediately appoint such receiver with power (a) to take charge and possession of all the property and assets of the defendant and the care and custody thereof; (b) to collect and receive such assets; (c) to bring any suits or proceedings necessary and proper to that end, and (d) to appear and defend any suit for the purpose aforesaid.

It is asserted by the plaintiffs that the object of this action is the appointment of receivers for a solvent, going corporation to preserve its assets solely for the purpose of paying creditors, upon the ground alone that it has no liquid assets for the payment

of its debts and that actions which may deplete the corporate assets may be instituted by its creditors.

It is apparent from the papers that the assertion that there is a threatened dissipation of assets to the detriment of creditors is not well founded, for it appears that the corporation has available assets to pay its debts, and not necessary for the conduct of its business, amounting to at least the sum of $100,000 over and above the aggregate amount of the debts.

It is also shown that the gross assets of the corporation are worth approximately $1,500,000, while the debts aggregate about $143,000.

At a creditors' meeting, shortly after the appointment of the receivers, it was agreed that surplus real estate should be sold, and the proceeds used exclusively for the payment of debts. Twenty-five per cent of the indebtedness has thus been paid to creditors.

There does not appear to have been any necessity in the first place for the appointment of receivers. There is no assertion that the defendant was or is insolvent, and the plaintiffs in their complaint specifically disclaim any such condition, for it is stated as follows: That this action is not brought on the ground of insolvency; that the defendant is solvent; and that this action is brought to preserve and conserve the assets of the defendant, and to prevent their dissipation.

All the plaintiffs are general, simple, contract creditors of the defendant, their claims being stated as follows:

" *Eighth.* That the defendant is indebted to the plaintiffs Philip A. Schindler and Jacob F. Liebler, co-partners, engaged in business under the firm name and style of Schindler & Liebler, in the sum of One thousand one hundred fifty-nine and 21/100 ($1,159.21) Dollars, for moneys advanced for the defendant for it on account of premiums of insurance due on issued policies of insurance of various kinds.

" *Ninth.* That the defendant is indebted to the plaintiff Mortimer C. Lazarus, in the sum of Two hundred one and 55/100 ($201.55) Dollars, for work, labor and services in and about the printing of stationery, supplies, etc.

" *Tenth.* That the defendant is indebted to the plaintiff Moe Block, engaged in business under the trade name and style of M. Safran Company, in the sum of One hundred Eighty ($180.00) Dollars, for balance due on goods sold and delivered by the plaintiff to the defendant.

" *Eleventh.* That the defendant is indebted to the plaintiff National Brewers Academy, a domestic corporation, organized

and existing under and by virtue of the Laws of the State of New York, in the sum of One Thousand Two Hundred Seventy-five and 60/100 ($1,275.60) Dollars, for goods, wares and merchandise consisting of manufacturing materials and chemicals bought by the defendant."

There is no allegation in the complaint that any of the indebtedness is due and payable, nor is there any allegation that demand for payment has been made and refused, nor is there any allegation of non-payment of any of the debts. There are no allegations in the complaint that the officers of the defendant have aided in dissipating the assets of the corporation and the only allegations of any threatened dissipation thereof are contained in paragraphs 7 and 12 of the complaint, which are as follows:

" *Seventh.* That the defendant is indebted to the plaintiffs and that the plaintiffs are informed and believe and therefore state that the defendant is indebted to other persons, firms and corporations on a number of obligations in various amounts, some of which are now due, some of which are overdue, some of which are becoming due and others which will continue to become and grow due and payable, and that the defendant has been and is unable to collect moneys due it from others rapidly enough to meet debts that are due, overdue, becoming due and that will continue to become and grow due, and that will result in actions, and that it has actions now pending and is unable to carry on its business, and protect and collect assets and credits and reserve the same, and will become liable to judgment and executions, and that its assets will be dissipated and greatly reduced to the prejudice of the plaintiffs and other creditors who are similarly situated as well as to the above defendant."

" *Twelfth.* That the plaintiffs are informed and believe and therefore state that the defendant has merchandise stock on hand, and other valuable assets consisting of real and personal property in the City and State of New York, and elsewhere, of great value, that is liable to be dissipated as stated and of being unequally and unequitably applied to the payment of claims of creditors unless all this property and assets are brought into this court and a receiver appointed so that the assets may be equally and equitably distributed among all the claimants entitled thereto."

It is said that this action was instituted by friendly creditors under advice of counsel who have been for many years counsel and legal advisers of defendant, and, while defendant's officers and directors consented to the institution thereof and the appointment of receivers, they were told that the appointment of receivers would be a mere matter of form and that the officers of the defend-

ant would continue in the conduct of its business; that they never consented to the subsidiary orders which extended the receivership and took the control of the business away from them.

As a going concern the building, plant, good will and property, real and personal, of the estate of defendant is probably valued at upwards of $1,500,000. The receivers have effected insurance upon its property of upwards of $900,000 and the plant of the defendant has an insurable value of about $300,000.

It appears, therefore, that the receivership of the defendant was brought about because of the fact that timely objections were not made to the appointment of receivers. In fact, the receivership, it appears, was permitted evidently under a misapprehension.

The officers of the defendant having since learned that the receivership is more than a mere matter of form, and that it deprives them of the right to conduct the business of the corporation, now petition the court for an order vacating it. This receivership serves no legal purpose. It is not sought to liquidate defendant's property, the corporation being able to pay its debts in full by selling property which it does not need for business operations.

The continuance of the receivership may not be upheld, since it was by a mistake consented to in the beginning, if its continuance is not an aid to the accomplishment of relief sought in the action. The court below was influenced by the charges against members of the family, officers of the corporation. These charges may be made the basis for relief if they can be sustained, and if they are the cause of injury to the corporation, but they are not the subject-matter of the complaint in this action and should not be considered by us. Section 306 of the General Corporation Law sets forth the grounds upon which a receiver may be appointed. It does not appear that the parties requesting the receivership have brought themselves within any of the provisions of that section.

In *Hastings* v. *Tousey* (121 App. Div. 815) this court said: " * * * the main purpose of a receiver is the preservation of the property or thing in controversy pending the litigation concerning it, so that the principal ground for the appointment of a receiver is, generally stated, danger of the loss of or injury to such property or thing in controversy before the court can make a disposition thereof by a final decree on the merits."

Mr. Justice SCOTT, in a concurring opinion, said: " Neither the complaint nor the moving affidavits show that the defendant corporation is insolvent or in danger of becoming insolvent, or that any reason exists which, according to our practice, would authorize the appointment of a receiver. All that is disclosed is that plaintiff, claiming to own, as executor of his deceased wife's

estate, one-half the capital stock, is dissatisfied with the management of the corporation."

In *Mabon* v. *Ongley Electric Co.* (156 N. Y. 196, 202, 203) the court said: "Courts do not appoint receivers merely for the asking, but only on facts, alleged and proved, showing that one is necessary for the preservation of property, or to accomplish some other useful object. * * * The jurisdiction, however, is extraordinary and is exercised only when necessary to 'protect some clear right of a suitor which would otherwise be lost or greatly injured and which could not be saved or protected by any other action or mode of proceeding.'"

In the case of *Lehigh Coal, etc., Co.* v. *Central Railroad of New Jersey* (43 Hun, 546) Presiding Justice VAN BRUNT said: "This statute distinctly provides that a receiver of a corporation could only be appointed by the Supreme Court, and in one of the cases enumerated therein, and the case of a creditor-at-large is not mentioned therein. It would seem, therefore, that the plaintiff filing its bill simply as a creditor-at-large, on behalf of itself and of all others similarly situated, conferred no jurisdiction upon the court appointing the receiver."

It is argued, however, that facts have arisen with reference to the management of the corporation and its internal affairs since the appointment of the receiver which would warrant a continuance of the receivership, and that it was upon that ground that the judge at Special Term denied the motion to vacate the receivership herein. If the internal affairs of the corporation are not being conducted in a proper manner, the parties have a remedy. That, however, would not be a valid ground for continuing the receivership.

Morawetz, in his work on Private Corporations (2d ed. § 281), states: "The appointment of a receiver or manager of a solvent corporation must therefore be considered a strong remedy, which can be justified only in a strong case; and the management of the corporation should be restored to its shareholders as soon as this can be done with safety. Thus, in *Featherstone* v. *Cooke* [L. R. 16 Eq. 298], Vice-Chancellor MALLINS appointed a receiver for a company because disputes had arisen between its managing agents, which caused a stoppage of the business and threatened to entail great loss on the shareholders; but he discharged the receiver as soon as a general meeting of the shareholders had been called and new officers had been chosen."

There being no ultimate purpose for the benefit of the corporation or its creditors to be served, and the order having been made by consent of those who now seek to have it vacated, the exercise of sound discretion would seem to indicate that the motion should have been granted.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

CLARKE, P. J., SMITH, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.