WILLIAM ROLLAND, Appellant, *v.* BORES THOMASHEFSKY and Others, Respondents.

First Department, July 2, 1924.

**Partnership — joint venture — action to restrain defendant from interfering with collection of moneys of joint venture — contract provided that plaintiff could collect all moneys — plaintiff is entitled to relief — defendant is not entitled to injunction or appointment of receiver.**

In an action by one party to a joint venture to restrain the other from interfering with the collection of moneys, the plaintiff is entitled to the relief demanded, where the contract between the parties specifically provides that he shall have the right to collect all moneys. The defendant is not entitled to restrain the plaintiff from acting under the contract in the collection of moneys nor is he entitled to the appointment of a receiver, since the dissolution of the joint venture was not demanded by the plaintiff.

APPEAL by the plaintiff, William Rolland, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of March, 1924, appointing a receiver *pendente lite*, in so far as said order restrains the defendants from collecting and receiving moneys from, and interfering and intermeddling with, the business of the joint venture; also from an order entered in said clerk's office on the 13th day of March, 1924, appointing a receiver *ad interim*, and also from an order entered in said clerk's office on the 28th day of March, 1924, denying the plaintiff's motion to resettle said last-mentioned order.

*Steinberg & Levin* [*Louis H. Levin* of counsel; *Joseph Steinberg* with him on the brief], for the appellant.

*Abner Greenberg,* for the respondents.

MARTIN, J.:

The plaintiff obtained an order on March 7, 1924, requiring the defendants to show cause why they should not be enjoined from interfering with plaintiff's collection and receipt of moneys from the sale of tickets at Thomashefsky's Broadway Yiddish Theatre, and from interfering with the plaintiff in conducting said theatre. The order to show cause temporarily restrained defendants.

The plaintiff and the defendant Bores Thomashefsky entered into a joint adventure for the presentation of the Vilna Troupe, the agreement between the parties providing that the plaintiff would advance the necessary moneys in connection with the engagement of the said troupe, and that a special bank account be opened

wherein the funds of the joint adventure were to be kept, checks to be signed by both parties. It was also agreed that the plaintiff was to receive at the close of the first week of the presentation of the troupe and weekly thereafter the sum of $1,000 on account of the moneys advanced by him, until these should be fully paid.

The agreement was entered into between the parties on the 6th day of February, 1924, and is in part as follows: "It is further understood and agreed between the parties hereto that the party of the second part has advanced for the benefit of the joint venture, and which he is entitled to be repaid, the sum of $8,000; it being distinctly understood and agreed between the parties hereto that the assignment of the moneys above made, and the directions above referred to, were all for the purpose of securing to the party of the second part the repayment to him of the moneys by him advanced, and to secure the repayment by the party of the first part of all moneys received and collected by him from the joint venture which he has failed to deposit in bank to the account of the said joint venture, and that the said party of the second part shall have the right at all times to be at the box-office and receive and collect all moneys received from the sale of tickets, without hindrance or interference on the part of the party of the first part, his agents or employees."

The defendant Bores Thomashefsky failed to deposit the moneys derived from the joint adventure to its account, and appropriated therefrom to his own use large sums of money.

Before the return day of plaintiff's motion the defendants made a cross-motion asking that the plaintiff be restrained and that a receiver be appointed for the purpose of conducting the business.

On the return day the justice at Special Term appointed a receiver *ad interim* and adjourned the motion. After hearing argument on the adjourned day, the court restrained both plaintiff and defendants and appointed a receiver *pendente lite* to conduct the business.

The order entered after the argument of the motion is as follows:

"Ordered, that Aaron Solomon, the receiver *ad interim* herein, be and he is hereby appointed receiver *pendente lite*, with the usual powers and duties of a receiver of the assets and effects of the joint venture conducted by the parties hereto, and with the same powers and duties as enumerated in the said order of appointment made and entered herein on the 13th day of March, 1924, and it is further

"Ordered, that leave is given to either party or the said receiver may from time to time apply to the court for an order increasing the amount of the bond filed by the said receiver and further directions at the foot of this order; and it is further

" Ordered, that both plaintiff and defendant Bores Thomashefsky are hereby restrained and enjoined from collecting or receiving any moneys belonging to the said joint venture or from interfering or intermeddling in any form or manner whatsoever in the operation and management of the same, and it is further

" Ordered, that these injunction orders are granted on the condition that both plaintiff and defendant Bores Thomashefsky, each execute and file at the time of entering this order an undertaking in the sum of $5,000 with one or more sureties to the effect that each will pay to the other such damages not exceeding the sum of $5,000 as they may sustain by reason of the injunction, if the court finally decides that the other party was not entitled thereto."

By the terms of the agreement the plaintiff was entitled to the relief he sought. No dissolution of the joint adventure was demanded by plaintiff and, therefore, there was no ground for the appointment of a receiver. Defendants were not entitled to the relief demanded by the cross-motion, nor did the counterclaim justify the appointment of a receiver.

In *Greenwald* v. *Gotham-Attucks Music Co.* (118 App. Div. 29, 30) the court said: " The action is not brought for a dissolution of the partnership or for the sale of its property. There is no authority which justifies the appointment of a receiver of partnership property unless the partnership has been terminated or there has been a breach of the partnership agreement or other cause which justifies a dissolution. * * * Here, a dissolution and sale is not asked and, so far as appears, is not desired."

In *Shubert* v. *Laughlin* (122 App. Div. 701) this court reversed an order appointing a receiver, and said: " There are several reasons why the order must be reversed. In the first place, the action is not brought for a dissolution of the partnership, and no relief of that nature is prayed for. The plaintiff's apparent purpose is to continue the partnership, but to oust defendant from the management secured to him by the copartnership agreement and to assume such management himself. For this reason, if for no other, the order was improperly made."

The appointment of a receiver herein being unauthorized, the orders should be reversed.

The orders should be reversed, with ten dollars costs and disbursements, and the motions denied, with ten dollars costs, and the appeal from the order denying motion for resettlement dismissed.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

17

**258**   PEOPLE EX REL. 45 EAST 57TH ST. CO., INC., *v.* CHILVERS.

First Department, July, 1924.   [Vol. 210

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Order of March 13, 1924, reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; appeal from order of March 28, 1924, dismissed.