FREDERICK H. HURDMAN, WILLIAM D. CRANSTOUN, HARRY T. MCFARLAND, JOHN L. HARVEY, G. CHARLES HURDMAN, EMIL T. WEILER and HAROLD R. CAFFYN, Copartners Doing Business under the Firm Name and Style of HURDMAN & CRANSTOUN, Appellants, v. ORIE R. KELLY, ANTHONY J. KERIN and PLINY W. WILLIAMSON, as Trustees, etc., and Others, as Successor Trustees, etc., Respondents.— Order denying plaintiffs' motion for an injunction *pendente lite* affirmed, without costs, with leave to the plaintiffs to renew the motion if at any time during the pendency of the action it is made to appear: (1) as to those trust estates in which a reserve fund has been set aside by the resigning trustees for the payment of administration expenses, that the trustees are disposing, or threatening to dispose, of such fund; (2) as to those estates in which a reserve fund may not have been set aside, that the trustees are distributing, or threatening to distribute, the principal assets of any such estate. On the present record, an injunction is not shown to be necessary. It is apparently conceded that the trustees in a majority of the trusts are voluntarily withholding from their successor trustees sufficient funds allocated to each trust estate to pay all administrative expense including appellants' claim. We note our disapproval of the criticism made by Special Term of counsel for the resigning trustees, which is contrary to what is shown by the record. This court exercises a strict disciplinary power over its attorneys, and we should be equally ready to defend them against unmerited charges of

professional misconduct. (*Hauser* v. *Herzog*, 141 App. Div. 522.) Hagarty, Carswell, Davis, Johnston and Close, JJ., concur.