FIELDS HOLDING CO., INC., Plaintiff, *v.* CHANBROOK REALTY CO., INC., Defendant.

Supreme Court, New York County, September 10, 1931.

*David L. Podell,* for the plaintiff.

*Kramer & Kleinfeld,* for the defendant.

SHIENTAG, J. Under the allegations of the complaint the plaintiff tenant is entitled to the surplus obtained by the defendant landlord, on the reletting of the premises by the landlord, after the tenant's dispossession for default in the payment of rent. The question remains whether the plaintiff has the right to sue for a present surplus or is required to wait until 1947, the date of the expiration of the original lease, and the time when the plaintiff's liability will terminate. The lease specifically provides that the tenant's liability for any deficiency in rent on the reletting shall arise monthly, and that the landlord may sue the tenant monthly on such liability. Therein it differs from the lease construed in *Hermitage Co.* v. *Levine* (248 N. Y. 333). The lease in the instant case, while stating that the tenant shall be entitled to the surplus, fails to provide that the surplus shall accrue to the tenant monthly, or at any other time prior to the expiration date of the lease. In

the absence of such provision, it should be held, following the reasoning in the *Hermitage* case, that the right to sue for a surplus accrues only on the expiration of the original lease. I realize, of course, that the *Hermitage* decision is by no means conclusive on the question here presented. But to paraphrase what the Court of Appeals there said, in the absence of a provision that points with reasonable clearness to a different construction, a right to sue for surplus resulting from a reletting, or the obligation of the landlord therefor, is single and entire, not multiple and several. The surplus is to be ascertained when the term is at an end.

The plaintiff asks the court to read into this agreement reciprocal rights and obligations of landlord and tenant on a monthly or other periodical basis after the reletting. The court has no right to make a contract for the parties or to read into an agreement something which is not there.

To refer again to the *Hermitage* decision, the court there said: " No doubt, a damage clause can be drawn in such a way as to make a tenant responsible for monthly deficits after the re-entry of his landlord, and this without charging the landlord with a duty to account for a surplus in other seasons." (*Hermitage Co.* v. *Levine, supra,* 337.) That is precisely what the parties here have done. If the contention of the plaintiff is sustained, the court would be changing, rather than interpreting, the agreement made by the parties.

I am not unmindful of apparent injustices that might result from the interpretation here announced, but there would be at least as many on the other side if the plaintiff's position were upheld. In any event, " If the damage clause as drawn gives inadequate protection, the fault is with the draftsmen."

I have dealt with the right of the tenant to sue to recover a surplus before the conclusion of the period of his liability. The result reached is not at all conclusive on the tenant's right to offset a surplus which has accrued when sued for a monthly deficiency.

Motion to dismiss the complaint is granted.