ROBERT F. WAGNER, as Receiver in Foreclosure of Premises Known as Lincoln Building, No. 60 East Forty-second Street, Borough of Manhattan, City, County and State of New York, and of the Rents, Issues and Profits Thereof, and Another, Appellants, *v.* MANUFACTURERS TRUST COMPANY, Respondent.*

First Department, December 20, 1932.

*William M. Evarts* of counsel [*Milbank, Tweed, Hope & Webb,* attorneys], for the appellants.

*Louis Connick* of counsel [*Simpson, Thacher & Bartlett,* attorneys], for the respondent.

SHERMAN, J. This is a suit in equity for rent claimed to be due under a written lease. Plaintiffs are the receiver in foreclosure proceedings of the premises known as the Lincoln Building, and the Lincoln Forty-second Street Corporation which owns that

* Affd., 261 N. Y. 699.

building. Defendant is the successor by merger of the Chatham Phenix National Bank and Trust Company which, it is claimed, should be held liable for rent as the actual lessee, although it did not execute the lease.

The lease, under seal, was entered into between the owner of the building and a corporation known as the C. P. N. Realty Corporation, as tenant, on January 23, 1929, and lets a substantial part of the premises for the term of twenty-one years. It provided that the premises were to be used by the tenant " for its usual banking and trust company business as now conducted in its other banking offices in the City of New York, and for no other purpose." It also contained a covenant against assigning or subletting the demised premises without the permission of the landlord.

The complaint charges that all of the stock of the tenant, realty corporation, was owned by the trust company and that the lessee corporation was used by the trust company in taking and holding title to real property belonging to the trust company and in leasing branch banking quarters of the trust company; that the realty corporation was a mere dummy corporation, whose funds were received from the trust company and which was engaged in no other activities than those on behalf of its owner, the trust company.

It is further pleaded that at the time of the execution and delivery of the lease, it was represented to and agreed with the landlord by the vice-president of the trust company, who signed the lease as president of the realty corporation, that the obligations of the tenant under the lease were the obligations of the trust company and that the execution of the lease by the realty corporation was to suit the convenience of the trust company to facilitate its accounting procedure and that the landlord in executing the lease relied upon these representations and made no independent investigation respecting the property or financial condition of the realty corporation. The only writing relied upon is the lease itself, which is under seal, and which as above stated was not executed by defendant or by its predecessor in interest. Plaintiffs also aver that the property and assets of the realty corporation are insufficient to pay the obligations incurred in its name.

The complaint further states that as soon as the premises were ready for occupancy, the trust company entered into possession and continued therein until February 10, 1932, but that the rent for the three months of February, March and April, 1932, has not been paid, together with minor items for electric current, which under the lease were deemed additional rent. Then follows an allegation that plaintiffs have no adequate remedy at law for the relief to which they claim to be entitled, and judgment is demanded

for the amount claimed to be due as rent and for such other and further relief as may be just and proper.

Plaintiffs contend that the complaint sets out a cause of action in equity, though the only relief which can be granted to plaintiffs (if they be entitled to any relief at all) would appear to be a judgment for the amount due as rent. Before answering the complaint, defendant moved to dismiss it as not stating a cause of action in equity and, that motion having been granted, this appeal by plaintiffs followed.

Plaintiffs do not assert that defendant is liable upon the theory that the realty corporation was the agent of the trust company, nor do they aver any fraud or fraudulent intent on the part of the trust company when the lease was made. They maintain, however, that, upon the facts pleaded (which, for the purpose of this appeal must be assumed to be true), defendant is liable upon the theory of an equitable estoppel. They urge that this complaint was modeled upon, and is to be sustained by the decision of this court in *Quaid* v. *Ratkowsky* (183 App. Div. 428; affd., 224 N. Y. 624). The allegations here fall far short of the averments and proof in that suit. There, the Special Term, after taking plaintiffs' proof, entered an order striking the action from the Special Term calendar and remanding it to the Trial Term as an action at law triable by jury. That order was reversed in this court. The proof showed the defendant's fraudulent purpose in making the corporation, controlled by him, a mere title holder, which enabled him to take all of that corporation's income and to operate the real estate held in its name as his private property. He had held himself out to plaintiffs as the real owner of the corporation and had assured plaintiffs that his private property stood behind it, which induced them to extend the bond and mortgage and reduce the rent in consideration of his personal guaranty of payment. He had further evaded a written guaranty prepared for that purpose which he had retained, but without signing it and had acquiesced in plaintiffs' reliance upon that agreement as though it had been executed. He had also fraudulently caused to be transferred to himself all the corporation's real property in order to make the corporation judgment proof and had concealed the transfers and the moneys which he had taken from the corporation. The judgment recovered by plaintiffs against the corporation became unenforcible as against defendant because he had failed to sign the contract of guaranty, and the Statute of Frauds would have prevented a recovery against him upon that unsigned writing. It thus appeared that the plaintiffs had no remedy at law because

defendant was protected by the Statute of Frauds though there had been performance by plaintiffs and enjoyment by defendant of the property and the benefits therefrom. It is clear that the real ground of that decision was not merely the profitable use by defendant of the corporation to perpetrate a downright fraud but also his likely successful employment of the Statute of Frauds to consummate that fraud, if the trial were required to be had at law.

In the case at bar it is not charged that there was any fraudulent purpose. There was no concealment. The landlord does not claim that there was any deceit or fraudulent intent or suppression of truth. On the contrary, the landlord with full knowledge of the facts pleaded in the complaint, chose to accept the realty corporation as its tenant when it might well have refused to execute the agreement of lease, unless it was made with, or its performance guaranteed in writing by, the trust company.

Plaintiffs have no cause of action here at law for rent. The Statute of Frauds would prevent them from holding defendant as the real lessee under a writing which it did not sign. They do not seek reformation of the written lease. They wish to substitute the defendant and make it the lessee and recover judgment against it for rent, despite the provisions of the Statute of Frauds. It is true that where a defendant makes use of the Statute of Frauds to effectuate a fraudulent purpose, under circumstances where to permit the successful reliance by a guilty defendant upon that statute would be to countenance and help in the perpetration of the fraud, equity may intervene to forbid such misuse of the statute. That would present a situation inviting equitable relief. An essential element would be deceit and knowledge on defendant's part that he is deceiving the other party, or proof of such facts as would repel the inference of fair and honest conduct on his part.

If, upon the allegations of this complaint, defendant were held equitably estopped from relying upon the Statute of Frauds, then in many cases a defendant might be impeded in obtaining the benefit of that statute. The courts would abound with cases where a plaintiff would claim that it might be more equitable to prevent the defendant from pleading and relying upon the Statute of Frauds, than to enforce that statute, and the statute would be, in large measure, nullified. Every litigant, of course, has as much right to rely upon that statute as upon any other legislative enactment and courts are not prone to deny its protection.

Plaintiff also urges that a cause of action is made out similar to that which resulted in the judgment reviewed in *Stark Electric R. Co.* v. *McGinty Contracting Co.* (238 Fed. 657). That action was at law and the jury found that the railroad company was

the corporation with which the contracting company had actually dealt, although the contract was taken in the name of a construction company, all of whose capital was owned by the railroad company. There are many like cases. The Statute of Frauds was not involved, for the question litigated was merely the identity of the party liable to the contractor for the work done. Plaintiffs' right to recover was enforcible at law.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur; TOWNLEY, J., dissents and votes to reverse and deny the motion.

TOWNLEY, J. (dissenting). The complaint sufficiently sets out such a cause of action for equitable relief as has been approved both by this court and by the Court of Appeals in *Quaid* v. *Ratkowsky* (183 App. Div. 428; affd., 224 N. Y. 624).

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

Order affirmed, with twenty dollars costs and disbursements.