HELEN FRANCES KRAEMER KELLER, Plaintiff, *v.* FIRST NATIONAL BANK AND TRUST COMPANY OF HUNTINGTON, N. Y., and Others, Defendants.

Supreme Court, Special Term, Queens County, July 22, 1937.

*John J. King* [*William M. Kilcullen*, of counsel], for the plaintiff.

*Allison E. Lowndes* [*John R. Vunk*, of counsel], for the defendant First National Bank and Trust Company of Huntington, N. Y.

*James J. Weissman*, for the defendants Feinstein.

*Theron H. Sammis*, for the defendant The Bank of Huntington and Trust Company.

*I. George Berkman*, for the defendant Fox.

No appearance by counsel for John Green and others, as administrators *c. t. a. de bonis non*, etc., of James Elverson, Jr., deceased.

KADIEN, J. In this equity action to reclaim and follow trust funds several of the defendants have moved to dismiss the complaint for legal insufficiency. Although the claims against all the defendants arise out of a common transaction, their liability, if any, is predicated upon different grounds. That of the defendant First National Bank and Trust Company of Huntington, N. Y., hereinafter referred to as " First National," will be discussed first.

It is charged in the complaint that John Boyle, Jr., now deceased, represented the plaintiff as her attorney in a condemnation proceeding in the Supreme Court, New York County; that he received in that proceeding $43,487.24, which he deposited in the First National on September 4, 1931, in an account opened by him that day and designated " John Boyle, Jr., Atty, Keller Account," and that the said bank had notice that this was a trust account for the plaintiff's benefit and that the funds therein deposited belonged to her; that by a check dated September 15, 1931, Boyle withdrew $20,000 from this account and caused same to be deposited with the First National in an account maintained by him and designated " John Boyle, Jr. Atty;" that on the same day Boyle drew a check from the last mentioned account in the sum of $17,219.12 to the order of an attorney who was acting in behalf of this defendant, and the proceeds thereof were taken and accepted by it in payment of obligations due from a person or persons other than the plaintiff; that this defendant had notice that this withdrawal and the subsequent acts of Boyle were in violation of the trust reposed in him by the plaintiff with respect to the aforementioned funds, and that this defendant, nevertheless, permitted Boyle to withdraw by check various other amounts aggregating $18,463 from the said " Keller Account " and deposit same in various other accounts maintained by him with the said defendant bank, which funds were used for purposes other than that of the plaintiff.

I am of opinion that these allegations, if true, as they must be assumed to be for purposes of this motion (*Lamb* v. *Cheney & Son*, 227 N. Y. 418, 420), state a cause of action against the defendant, First National. The complaint charges in so many words that this defendant had notice that the monies were received for trust purposes and also that they were diverted from such purpose. Not alone that, but this defendant is charged with knowingly receiving and accepting $17,219.12 of such funds to discharge debts to it of persons other than the plaintiff, and with permitting the subsequent systematic withdrawal from the " Keller Account " of sums aggregating $18,463. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106.)

The question of the liability of the other moving defendants, to wit, Jacob M. Feinstein, Ida Feinstein, Bank of Huntington and Trust Company and Mildred Fox, is common to all of them.

The attorney, John Boyle, Jr., died on April 2, 1936. John G. Peck, public administrator of the county of Suffolk, was appointed pursuant to order of the Surrogate's Court, Suffolk county, as administrator *c. t. a.* of his estate. The complaint alleges that a

portion of the plaintiff's funds which were diverted by Boyle found their way into certain real property and two $2,500 mortgages which the administrator *c. t. a.* sold pursuant to court order for the payment of debts. The defendants Feinstein are alleged to have purchased the real property and mortgaged same to the defendant the Bank of Huntington and Trust Company to secure a loan of $9,000. The defendant Fox is alleged to have purchased the mortgages.

The plaintiff seeks in this action to nullify the deeds to the Feinsteins, the incumbrance of the $9,000 mortgage and the assignments of mortgages to the defendant Fox, upon the ground that the purchasers of Boyle's assets from his administrator *c. t. e.* acquired no more than Boyle had therein in his lifetime, that is to say, that they purchased the property and the mortgages subject to the claim or interest therein of the plaintiff.

It was held in *Cambridge Valley Bank* v. *Delano* (48 N. Y. 326, 336): "The principle of equity is well established that a purchaser of land is chargeable with notice, by implication, of every fact affecting the title, which would be discovered by an examination of the deeds or other muniment of title of his vendor, and of every fact, as to which the purchaser, with reasonable prudence or diligence, ought to become acquainted. If there is sufficient contained in any deed or record which a prudent purchaser ought to examine, to induce an inquiry in the mind of an intelligent person, he is chargeable with knowledge or notice of the facts so contained." To like effect see also *Fidelity & Deposit Co.* v. *Queens County Trust Co.* (226 N. Y. 225, 233); *Anderson* v. *Blood* (152 id. 285).

The complaint as to these defendants is barren of any allegations of knowledge on their part of plaintiff's claim or alleged interest in the assets purchased from Boyle's administrator, nor are there any facts set forth with respect to plaintiff's claim which as much as by inference would lead even the most cautious person to suspect that the assets in question were in any way charged therewith.

Assuming the truth of the allegations as pleaded and "every intendment and fair inference" in favor thereof (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 432), it cannot be said that these defendants either had information about or could have by proper inquiry and examination discovered that the plaintiff had some right or title in the said assets in conflict with that purchased by these defendants.

As stated in 24 Corpus Juris (§ 1704, p. 693): "Acting upon the doctrine that the rule of *caveat emptor* charges a purchaser only with those things which he might discover with reasonable dili-

gence, it is held that he will take the property free from latent equities and secret trusts, and that purchasers at administration sales are within the protection of the recording acts as against unrecorded deeds."

Accordingly, the motion of the defendant First National is denied and that of the other moving defendants is granted, with leave to serve an amended complaint within ten days of the service of the order to be entered herein.