**WEISSER et al. v. MURSAM SHOE CORPORATION et al.**

District Court, S. D. New York.

Oct. 6, 1941.

Emil Weitzner, of New York City, for plaintiffs.

Goldfarb & Fleece, of New York City, for defendants.

RIFKIND, District Judge.

All the defendants other than Mursam Shoe Corporation move for summary judgment.

The undisputed facts are these:

In May, 1926, plaintiffs, as landlords and defendant Mursam, as tenant, entered into a fifteen year lease of premises located in Paterson, New Jersey. Thereafter, on January 8, 1932, plaintiffs as landlords and Mursam as tenant, entered into an agreement modifying the reserved rental and reaffirming the lease in all other respects. On July 20, 1932, plaintiffs as landlords and Mursam as tenant entered into a further agreement modifying the rental reserved in the lease and providing that in "all other respects, terms, conditions and provisions" the lease shall remain the same and continue in full force and effect. The lease and the two modifying agreements were under seal.

On March 4, 1940, the tenant abandoned the premises. It does not appear exactly when the first default occurred, but apparently it was shortly before the abandonment. In other words, for almost fourteen years of the fifteen year term there was full compliance by the tenant with its contract obligations.

The complaint alleges the facts differently. Paragraph 31 thereof reads as follows: "On or about May 19, 1926, the plaintiffs as landlord, and the defendants Murray M. Rosenberg, Inc., Murray M. Rosenberg and Samuel H. Rosenberg in the name of the defendant Mursam Shoe Corporation, as tenant, entered into a lease in writing whereby the said landlord leased to said defendants and the said defendants hired and took from the plaintiffs certain

described premises, being the entire three story and basement brick building situated and known as 120 Main Street, corner of Broadway, Paterson, New Jersey, for a term of Fifteen (15) years, commencing August 1, 1926, and terminating July 31, 1941, at an annual rental of Ten Thousand ($10,000.00) Dollars for the first five years, Eleven Thousand ($11,000.00) Dollars for the second five years, and Twelve Thousand ($12,000.00) Dollars for the third five years, payable in equal monthly installments in advance".

Similar allegations are made with respect to the two agreements of modification. To support the allegation as framed in the complaint, the only facts presented are that the individual defendants owned all the stock of Mursam, that Mursam was a dummy corporation, that it was part of a single entity of which all of the defendants constituted the other parts, that Mursam was inadequately capitalized, and that "Upon information and belief, at all times hereinafter mentioned, the defendant Mursam Shoe Corporation has been represented and held out by the defendants Murray M. Rosenberg, Samuel H. Rosenberg and Murray M. Rosenberg, Inc., as an integral part of the chain store operations of Murray M. Rosenberg, Inc., and its business and financial responsibility has been represented to be the business and financial responsibility of the defendants Murray M. Rosenberg, Inc., Murray M. Rosenberg and Samuel H. Rosenberg, and the situation was the same as if the plaintiffs were dealing directly with the defendants Murray M. Rosenberg, Inc., Miles Shoes, Inc., Murray M. Rosenberg and Samuel H. Rosenberg".

Even the vague generality of paragraph 25 is not sustained by the answering affidavits.

I am convinced that the complaint is no more than an artful attempt to escape the effect of Wagner v. Manufacturers Trust Co., 237 App.Div. 175, 261 N.Y.S. 136, affirmed 261 N.Y. 699, 185 N.E. 799. (The law of New Jersey is in accord: Beck v. Eagle Brewery of Newark, N.J. Ch., 30 A.

1100). The theory is different, the facts are the same.

■ Corporations are formed for the purpose of limiting liability. No one is obliged to deal with them. Those who do, have the privilege of seeking and obtaining representations as to their financial worth which, if false, give rise to claims against those who make them. The statement in the answering affidavits that plaintiffs did not know that Mursam was a dummy corporation, incorporated solely for the purpose of signing the lease, should not be sufficient to destroy the reliance of stockholders and others that they are immune to liability for the debts of the corporation.

Taylor v. Standard Gas & Electric Co., 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669, relied on by plaintiffs, is beside the point. That case involved a problem in reorganization under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. It did not hold the stockholders of the dummy corporation responsible for its debts.

Darling Stores Corp. v. Young Realty Co., 8 Cir., 121 F.2d 112, applies the law of Iowa. It is not controlling in the instant case.

■ Nor are the allegations of the complaint such as to permit it to be treated as asserting a cause of action against Mursam for rent, and against the other defendants as fraudulent conveyees of Mursam's property. Technically, the allegations necessary for the latter cause of action are missing. Factually, it appears from the complaint and plaintiffs' affidavits that Mursam never had any property which it could truly convey either lawfully or fraudulently.

■ Plaintiffs made a lease with an irresponsible tenant. They escaped the consequences of their own folly for fourteen years, because it was to the interest of others not liable on the lease to perform its obligations. I see no triable issues herein as against the moving defendants.

The motion for summary judgment in favor of the moving defendants is granted.

Submit order.