Nicholas M. Pette, J.
Motion by defendant for leave to reargue his motion under rule 112 of the Rules of Civil Practice, for judgment on the pleadings and for a dismissal of each cause of action in the complaint for insufficiency, which motion was heretofore denied by this court, is hereby granted.
The law is well settled that the purpose of reargument is merely to demonstrate to the court that there is some decision or some principle of law, which would have a controlling effect, and which has been overlooked; or that there has been a misapprehension of the facts. (Bolles v. Duff, 56 Barb. 567, 574; Banks v. Carter, 7 Daly 417, 423; Matter of Crane, 81 Hun 96, 98.) No new matter, additional facts nor points not raised on the original argument, may be considered, and only the original *271 papers may be the basis for such reargument. (Hauser v. Herzog, 141 App. Div. 522, 524; Matter of Hooker, 173 Misc. 515.) It is within the inherent power of the court to correct its errors — the power to hear a motion implies the power to rehear it — to have a reargument thereof. (People v. Cimino, 163 App. Div. 217.) Also the provisions of section 476 of the Civil Practice Act, and rule 112 of the Rules of Civil Practice, are not mandatory, but are addressed to the discretion of the court. (Jongers v. First Trust & Deposit Co., 147 Misc. 260, 263.) If upon a motion for judgment on the pleadings the court sustains the objection, it has authority to permit the defective pleading to be amended with or without terms. (Smith v. Slimak, 215 App. Div. 637.)
The contract relied upon by plaintiff was entered into between the defendant, as seller, and one Arthur Buzen, as purchaser, and is signed by ‘ ‘ Francis A. Rogers ’ ’, the seller, and “ Arthur Buzen”, the purchaser. Nowhere in said contract does the name of the plaintiff appear and there is no indication therein that Arthur Buzen was acting as plaintiff’s agent or in any manner other than in his individual capacity.
The rule is settled that a contract for the sale of land must identify by name or description the parties to the transaction, a seller and a buyer (Irvmor Corp. v. Rodewald, 253 N. Y. 472, 475). The law is also well settled that where a deed is delivered and accepted the contract is superseded by such deed as to such provisions as are covered by the conveyance made and in pursuance of its terms. (Schoonmaker v. Hoyt, 148 N. Y. 425; Lambert v. Krum, 121 Misc. 170, 180.)
Since the amendment of section 259 of the Real Property Law in 1934 (L. 1934, ch. 750) the last phrase of that section was amended to read: “ by his lawful agent thereunto authorized by writing.” And in 1944 (L. 1944, ch. 198) a further amendment thereto was made by which “ subscribed by the party to be charged ” replaced the former: “ subscribed by the lessor or grantor ”. By reason of said amendment, it is no longer possible to hold an undisclosed principal by showing who the principal is by parol evidence. The statute itself prescribes that the agent’s authorization must be written. (Hasenfratz v. Berger Apts., 61 N. Y. S. 2d 12, 14-15; Slavit Furniture Co. v. Eisenberg, 129 N. Y. S. 2d 18.) Furthermore, the expression in the statute “ thereunto authorized ” can only mean authorized with respect to the specific real property embraced in the contract subscribed by said agent, and if the agent’s written authority does not specifically refer to the real property embraced in the contract he has signed as purchaser, the con *272 ditions imposed by the statute are not met, and said contract cannot inure to the benefit of a so-called undisclosed principal within the purview of the statute. Also factual allegations with respect to the purported agency agreement should have been embodied in the complaint.
The purported agency agreement annexed to the plaintiff’s bill of particulars is also open to the objection that it does not bear plaintiff’s corporate seal and does not contain the usual corporate acknowledgment and showing that the instrument was signed and sealed pursuant to authority conferred upon the signers thereof by plaintiff’s board of directors, thus casting doubt upon the legality of said instrument and raising the question of its being ultra vires. Certainly the defendant could not have maintained an action against plaintiff corporation for specific performance on the strength of said purported agency agreement.
The contract relied upon by plaintiff is dated November 20, 1952 and on January 20, 1953, when title was closed, title was taken in the name of Arthur Buzen, individually. It does not appear on the face of the complaint that the alleged contract was assigned by Arthur Buzen to the plaintiff, nor does it appear from the complaint that plaintiff acquired title by any deed from the defendant. According to plaintiff’s bill of particulars, it obtained title by two conveyances made to it by said Arthur Buzen, one dated September 28,1953, recorded October 10,1953, and the other on March 29, 1954, recorded May 4, 1954, both long after the transaction between defendant and Arthur Buzen had closed.
The complaint attempts to set forth two causes of action, the gist of which are (1) fraud in misrepresenting that defendant would act expeditiously in the making of an application to the Nassau County Planning Commission for the approval of a plan covering the land embraced in the contract and which defendant expressly agreed to perform pursuant to a clause in the contract to that effect, and (2) fraud in misrepresenting that the land sold was situated in the Massapequa Water District, whereas a portion therof was not so situated. These provisions of said contract are not covenants running with the land.
There is no showing that any fiduciary or trust relationship existed between Arthur Buzen, the buyer, and Rogers, the seller. And as noted, it does not appear that Arthur Buzen assigned said contract to plaintiff. Consequently plaintiff cannot derive any benefit from provisions of the contract that inured personally to Arthur Buzen, the purchaser or his assigns and upon which provisions only Arthur Buzen or his assigns *273 might rely. (Near park Realty Corp. v. City Investing Co., 112 N. Y. S. 2d 816; Fox v. Hirschfeld, 157 App. Div. 364, 365; Grenlac Holding Corp. v. Kahn, 106 N. Y. S. 2d 83.) The parties, Buzen and Rogers, were dealing at arms length, the usual situation of vendor and purchaser. A purchaser is chargeable with notice by implication of every fact affecting the title which would be discovered by an intelligent and reasonable examination of the public records. (White v. La Due, 197 Misc. 589, 594; Keller v. First Nat. Bank & Trust Co., 163 Misc. 925, 928; Feliton v. Chismore, 86 N. Y. S. 2d 867, 869; Long v. Warren, 68 N. Y. 426; Cambridge Val. Bank v. Delano, 48 N. Y. 326, 336.) Therefore no action for fraud may be based upon the misrepresentations alleged in the complaint.
The court is of the opinion on this reargument that the complaint is insufficient, for the reasons aforesaid and also for the reason that it seems well defined in the law that the alleged agency, if any, ceased upon the closing of title and delivery of the deed to Arthur Buzen who became the principal by operation of law. The subsequent conveyance by him to plaintiff, the so-called undisclosed principal, did not revive the alleged agency had such agency in fact existed. Unless the plaintiff can allege facts which take this case out of the bar of the Statute of Frauds and outside the ambit of the other objections referred to herein, the complaint must be held to be insufficient as to the first cause of action and without merit and untenable as to the second cause of action.
In the interests of justice and in the exercise of its discretion,the court hereby modifies its former decision herein by granting defendant’s motion to the extent of dismissing the complaint for insufficiency, with leave to plaintiff to serve an amended complaint within 20 days from the service of a copy of the order to be entered herein, together with notice of entry thereof, upon the attorney for the plaintiff.
Settle order on notice.