Frank A. Gulotta, J.
This is a motion to dismiss the complaint herein pursuant to subdivision 7 of rule 107 of the Buies of Civil Practice, to wit: that the agreement on which it is *884 based, is unenforcible under the Statute of Frauds. The particular Statute of Frauds applicable is section 259 of the Beal Property Law providing in substance, that a contract to sell real property must express the consideration and be signed by the party to be charged, or by his agent, who himself has been authorized in writing.
The defendants are husband and wife, both of whom own the property, although the memorandum on which the suit is based is signed only by the husband.
The action is for specific performance, or in the event that is not feasible, for damages.
Apparently no lis pendens was filed in the action, since it is stated without contradiction, that the property has been sold in the meantime to someone else, and thus in effect, the action has become one exclusively for damages.
This would necessarily have been the outcome in any event, since it is conceded that the defendant Kathleen Craft, did not sign the memo or binder and she neither authorized her husband to do so in writing, nor did he purport to sign on her behalf.
To say that a person is estopped to assert the statute in any case where she attempts to use it and simply because she is using it, in the absence of some fraud or misrepresentation by her, would be to nullify it and defeat its very purpose.
The motion is therefore granted as to the wife.
As to the other defendant a different question is presented. The memorandum relied on is short and reads as follows:
May 9, 1959
Received $50.00 as deposit oil purchase of premises, 38 Hillside Avenue, Roslyn, New York.
Purchase price ■— $14,500.
Sale of premises subject to obtaining a F.H.A. or Gr.I. mortgage for 30 years.
Application to bank by prospective purchaser will be made promptly.
Prospective purchaser to advise seller within 2 weeks as to probability of obtaining mortgage.
If purchaser unable to advise seller within 2 weeks, the $50.00 is to be returned and obligation of each party to the other shall be terminated.
Upon notification by purchaser that mortgage in sufficient amount can be obtained, then more form contract to be entered into.
(signed)
Thomas Felli. (signed)
Vbrohioa Felli. (signed)
Charles O. Craft.
*885 The plaintiffs procured the mortgage called for and notified the defendants in writing to that effect within the time limit prescribed, stating that they were prepared to pay $1,500 on the contract and the balance in cash on closing of title.
This was slightly in excess of the customary 10%, which is usually paid on contract, but the amount did not become an issue, since the defendant simply repudiated the contract and refused to go through with it.
It is claimed now that the binder was fatally defective, for failure to specify the down payment, relying on Ansorge v. Kane (244 N. Y. 395). I interpret that case to be distinguishable however, from the case at bar, since in that lawsuit, there was not simply a failure to specify the down payment, thus leaving room for implying the customary amount, but a specific clause to the effect that that item was to be settled by future agreement. Apparently this was tied in with a demand by the broker for immediate payment of a 10% commission and thus this case cannot be regarded as establishing a general rule.
In two other cases, Weintraub v. Kruse (234 N. Y. 575) and Wertheimer v. Boehm (241 N. Y. 575) the Court of Appeals has sustained the sufficiency of memorandums no more detailed than the one we are considering here, in neither of which is the down payment specified.
The motion is denied as to the defendant Charles 0. Craft.
Short-form order signed.