Saul S. Streit, J.
Defendants move for dismissal of each cause of action for legal insufficiency and for dismissal of each cause of action as to the defendant corporation pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice. Defendants move further for an order vacating and canceling the lis penclens.
The action is upon an alleged contract of purchase and sale of a parcel of real property. In the first cause of action it is alleged that the defendants have failed and refused by reason of stated title defects to convey good and marketable title, as provided by the agreement. Demand is made for the recovery of the sum paid on account and the reasonable expense of the examination of title and impressment of lien to that extent upon the property pursuant to the pertinent contract provision. In a second cause plaintiff seeks the recovery of damage incurred by reason of alleged breaches of contract. The third cause is based upon that provision of the contract which, in a stated event, accords to the plaintiff the option to cancel. It is alleged that the event occurred, that plaintiff did rescind and demanded the return of the down payment and of the cost of title examination. The contract of sale is signed by the plaintiff and by the individual defendant. Contrary to plaintiff’s contention, *112 the corporate defendant is not identified at any place in the contract as a contracting party. In this respect the complaint charges that the individual defendant, acting with the consent and knowledge and at the direction of the corporate defendant, entered into the contract in which they agreed to sell and the plaintiff agreed to purchase the subject property. Accordingly, plaintiff alleges that both defendants agreed to sell as principals and that the individual defendant acted on his own behalf and on behalf of the codefendant as an additional disclosed principal. Nowhere in the complaint is the individual defendant identified as the alter ego of the codefendant corporation as its officer, director or stockholder and thus authorized by reason of official position to act on behalf of the corporation. Thus, as to the corporation, the contract relied on and which must control shows on its face that it was not ‘ ‘ subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing ’ ’ (Real Property Law, § 259). The first cause is sufficient as to the individual defendant and it is insufficient as to the corporate defendant.
The second cause of action is also insufficient as to both defendants. A claim for the recovery of damage for the alleged breaches is specifically barred by the contract attached to the complaint. This cause is incapable of amendment to cure that defect.
The third cause of action is sufficient as to the individual defendant. It demands a return of the deposit and title examination expense upon the ground of rescission of contract. It is insufficient as to the corporate defendant for the reasons indicated with respect to the first cause of action.
There remains the question whether the plaintiff should be granted leave to replead the first and third causes against the defendant corporation or should suffer a final dismissal pursuant to subdivision 7 of rule 107. If the contract identified the corporation as a contracting party, in that event amendment might cure the defect since it now appears from the affidavits that the individual defendant is an officer or a director of the corporation. However, such identification is wholly lacking. It is of no legal significance that title is held in the name of the corporation which, as plaintiff states, was mentioned during negotiations as owner and seller. In Hasenfratz v. Berger Apts. (61 N. Y. S. 2d 12, 15) the court stated that under section 259 of the Real Property Law “ it is no longer possible to hold an undisclosed principal by showing who the principal is by paroi evidence. The Statute itself prescribes that the authorization must be by writing.” It was further held that a *113 corporation may not be bound, by the contract even if the individual signing was its alter ego, that is, that ‘6 by virtue of his office, and within his implied powers, he would have a right to make a contract for the sale of real property of the corporation without a written authorization. * * * The difficulty is that under the terms of the memorandum of April 30, 1945, which plaintiff claims satisfies the Statute of Frauds, there nowhere appears the name of Berg’er Apartments, Inc., and no indication from it that Morris Berger was acting as its president or in any way other than an individual capacity.” Quoting with approval from Corpus Juris Secundum (vol. 37, Statute of Frauds, § 207), the court continues: ‘“A signature of an individual who is an incorporator, officer, director, or agent of a corporation, which is intended to be an individual signature, or which is not shown to be made on behalf of the corporation, suffices as an individual signature, but not as a corporate signature, within the meaning of the statute of frauds.’ ” In Slavit Furniture Co. v. Eisenberg (129 N. Y. S. 2d 18, 20, affd. 284 App. Div. 1052) the court stated: “ A note or memorandum under the statute ‘ must identify by name or description the parties to the transaction, a seller and a buyer ’. Irvmor Corp. v. Rodewald, 253 N. Y. 472, 475, 171 N. E. 747, 748, 70 A. L. R. 192. * * * Of course the act of defendant Eisenberg, if he were president of the defendant corporation, might be the act of the corporation. But while this would meet the requirement as to signing, it would not suffice with respect to identifying the responsible party. See in this respect, Hasenfratz v. Berger Apartments, Inc., Sup., 61 N. Y. S. 2d 12, 15.” Accordingly, the complaint is dismissed as to the corporate defendant, without leave to amend.
Finally, the application for cancellation of the lis pendens must be granted. Since title was in the defendant corporation and is not in the individual defendant and the corporation is not bound, the lis pendens must fall.
The motion is granted dismissing the complaint and each cause of action therein as against the corporate defendant, and the second cause of action as against the individual defendant and canceling the lis pendens, and it is otherwise denied.