SEYMOUR M. GOLDBERG, as Assignee of MORTON ALBERT, Plaintiff, *v.* SPRUCE RIDGE CORPORATION et al., Defendants.

Supreme Court, Special Term, Nassau County, April 26, 1962.

*Landes & Wingate* for plaintiff. *Goell & Roth* for Spruce Ridge Corporation and another, defendants.

PAUL J. WIDLITZ, J. The plaintiff assignee seeks specific performance of two separate and distinct contracts of sale involving two parcels of real property.

The first cause of action pertains to a parcel of real property owned by the defendant, Spruce Ridge Corporation. The binder or memorandum of sale is signed by Morton Albert as purchaser and Spruce Ridge Corporation by Sanford S. Brunswick, vice-president, and Sanford S. Brunswick. The defense interposed to this first cause of action consists of a general denial, and the affirmative defense of the Statute of Frauds. It is alleged that the binder was not signed by an authorized officer or agent of the defendant, Spruce Ridge Corporation, as required by section 259 of the Real Property Law.

The second cause of action has to do with real property owned by the defendants Goell and Brunswick, which binder or memorandum was signed by Morton Albert as purchaser and Sanford S. Brunswick as seller. Here, likewise, the defendant interposes a general denial, and the further affirmative defense of the Statute of Frauds, in that the said Sanford S. Brunswick was not authorized in writing to act as an agent for Goell, one of the owners in fee, and, lacking such written authorization, could not bind the said co-owner to the proposed sale (Real Property Law, § 259).

The defendant, Spruce Ridge Corporation, now moves for summary judgment dismissing the complaint contending, as set forth in its affirmative defenses, that the binders in question were not properly signed, due to lack of proper authorization as required by section 259 of the Real Property Law.

A reading of the affidavits submitted herein indicates that the defendant, Sanford S. Brunswick, might have had some financial interest in these transactions, yet he was not an officer of the Spruce Ridge Corporation and had no written authority to execute the agreements in question.

A contract of sale must be subscribed by the party to be charged or by his lawful agent thereunto authorized by writing (Real Property Law, § 259). Absent such written authority, the defendants cannot be compelled to perform the contracts.

In *Mondrus* v. *Salt Haven Corp.* (270 App. Div. 1030, motion for leave to appeal denied 270 App. Div. 1046) the appellate court had before it an appeal on a motion for summary judgment. The contract sought to be specifically performed was signed by the lawyer for the corporation as attorney and agent of the corporation. The corporation set up the defense of Statute of Frauds, and the court in upholding the defense stated: " the plaintiff has not negatived the appellant's showing that its lawyer was not authorized by writing to enter into a contract to convey the property in question. (Real Property Law, § 259.) " (See, also *Singer* v. *Klebanow,* 9 Misc 2d 1016; *Hamilton Park Bldrs. Corp.* v. *Rogers,* 4 Misc 2d 269; *Hasenfratz* v. *Berger Apts.,* 61 N. Y. S. 2d 12.)

In *Felli* v. *Craft* (21 Misc 2d 883) the court had before it an action for specific performance based on a memorandum signed by the plaintiff as purchaser and the defendant as seller. The property was owned by the defendants as husband and wife and only the husband had signed the memorandum. The wife set up the Statute of Frauds and moved to dismiss the complaint and was sustained.

The plaintiff herein has failed to negative the corporation's showing that the defendant Brunswick was not authorized in writing to enter into a contract to convey the property in question (Real Property Law, § 259; *Mondrus* v. *Salt Haven Corp., supra*). It thus appearing that Brunswick had not the proper authority to bind the sellers in both memoranda of sale, this action must fail. Accordingly, this motion is granted.