Bernard S. Meyer, J.
Having previously recovered but been unable to collect a judgment against defendant Atex Estates, Inc., plaintiff commenced this action seeking to have the court disregard the corporate entity of Atex and direct that payment be made by the corporation’s sole stockholder, defendant Sol G. Atlas. Although the complaint sets forth four causes of action, plaintiff conceded its failure to prove the third cause of action based on conspiracy and the court granted a severance of the fourth. Before the court then are the issues whether Atlas may be held because Atex was his agent (first cause of action) or because there exists some basis upon which they should be regarded in law a.s one person (second cause of action).
In June, 1956 Atlas executed a contract as president of Atex committing that corporation to purchase the Sloan estate in Q-reat Neck for $360,000. The $36,000 down payment was made by a check ’drawn by Sol G. Atlas Realty, Inc. to Atlas individually and by him indorsed to plaintiff. Atex then sought *605 a substantial postponement of the date set for closing title and when this request was rejected, refused to take title. The property was again placed on the market and plaintiff entered into a contract to sell it to defendant Sawyer Homes, Inc. at a price of $300,000. Sawyer was at the time wholly owned by defendant Morris Brecher who had been a friend of Atlas for many years, and it is conceded that Atlas gave the entire $300,000 purchase price to Sawyer, that he now owns all the stock of Sawyer, and that he now lives with his family on part of the property. In 1957 Atex brought suit to recover its down payment. Plaintiff counterclaimed and recovered the judgment which is the basis of this suit and which was affirmed on appeal (7 A D 2d 978).
The contract between Atex and plaintiff was signed ‘ ‘ Atex Estates Inc. by Sol Gr. Atlas, Pres.” It is not contended that plaintiff in fact sold to Atlas but was misled into contracting with Atex. While Atlas’ name is subscribed to the contract, it is clearly subscribed as a corporate officer and not as an individual. The proof does not sustain the claim that Atex acted as agent for Atlas in executing the contract nor does it furnish any basis upon which Atlas may be held estopped to plead the Statute of Frauds. There is no showing that Atex was ever authorized in writing to act on behalf of Atlas. Section 259 of the Real Property Law is, therefore, a complete defense to the first cause of action (Wagner v. Manufacturers Trust Co., 237 App. Div. 175,178, affd. 261 N. Y. 699; Quaid v. Ratkowsky, 183 App. Div. 428, affd. 224 N. Y. 624; Terrace Ct. Realty v. Fifth Ave. Realty Corp., 27 Misc 2d 110; Hamilton Park Bldrs. Corp. v. Rogers, 4 Misc 2d 269, 271).
Nor does plaintiff fare any better with respect to the second cause of action. One of the cardinal purposes of incorporation, at least of a closely held corporation, is the shelter from personal liability thus provided (Bartle v. Home Owners Co-op., 309 N. Y. 103; Natelson v. A. B. L. Holding Co., 260 N. Y. 233; Elenkrieg v. Siebrecht, 238 N. Y. 254, 262; City Bank Farmers Trust Co. v. Macfadden, 13 A D 2d 395, 402, affd. 12 N Y 2d 1035; Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, 154, affd. 272 N. Y. 360; Glassman v. Glassman, 19 A D 2d 801; see People v. American Bell Tel. Co., 117 N. Y. 241, 255). Another recognized purpose is the doing of an act permitted for a corporation but forbidden to an individual (Jenkins v. Moyse, 254 N. Y. 319, 324). Recent legislative sanction of the corporate entity as a shelter is implicit in subdivision (a) of section 702 of the Business Corporation Law which permits establishment of one man corporations.
*606 Exception exists when the business is carried on not by the corporation, but by the individual stockholder or a partnership of stockholders (African Metals Corp. v. Bullowa, 288 N. Y. 78; Natelson v. A. B. L. Holding Co., supra, p. 238; Majestic Factors Corp. v. Latino, 15 Misc 2d 329, opp. dsmd. 8 A D 2d 594; Textron, Inc. v. Crestwood Coats, N. Y. L. J., Dec. 13, 1961, p. 13, col. 5) or by a parent corporation which so wholly dominates its subsidiary as in fact to operate its business (Berkey v. Third Ave. Ry. Co., 244 N. Y. 84). Here, however, Atex had been completely dormant prior to its contract with plaintiff. Prior to that time it had no regularly elected officers or directors, held no corporate meetings, kept no books, had no assets, liabilities or income. In short, there was no attempt to operate a business with the benefits, but without the burdens, of corporate status.
Exception also exists when the corporation is used to defraud creditors or evade existing obligations (Bartle v. Home Owners Co-op., supra-, Lowendahl v. Baltimore & Ohio R. R. Co., 272 N. Y. 360, 365) or where the corporation is used for a purpose which is fraudulent, illegal or contrary to public policy (City Bank Farmers Trust Co. v. Macfadden, 13 A D 2d 395, 403, supra-, see Wormser, Piercing the Corporate Entity, 12 Col. L. Rev. 496, 517). Here Atex had neither creditor nor obligation until the contract with plaintiff. Plaintiff has not proved that the contract was entered into upon the credit of any person or corporation other than Atex or that it was misled into believing that Atex had assets or that it even asked for a financial statement. The use of straw men, corporate or individual, is a practice long known to the law and a seller who without inquiry accepts a corporate purchaser with whom he could, absent the guarantee of a person or corporation of substance, have refused to contract, cannot claim to have been defrauded if the corporate purchaser has no substance (Wagner v. Manufacturers Trust Co., supra- see, also, Weisser v. Mursam Shoe Corp., 40 F. Supp. 1007). Fraud, if any exists in this case, results not from any improper use of Atex but from Atlas’ concealment from plaintiff of his interest in Sawyer. That concealment occurred after Atex breached its contract, and, as already noted, plaintiff has conceded its failure to prove the conspiracy predicated upon it. It would in any event be the basis of a separate fraud action against Atlas in which it would have to be shown that the concealment had something to do with plaintiff’s acceptance of the lesser price offered by Sawyer, that is — that there was some relation between the concealment and the claimed damage (Brackett v. Griswold, 112 N. Y. 454). *607 It is not, however, a fraudulent use of a corporation warranting piercing the corporate entity in order to permit plaintiff to collect the Atex judgment from Atlas. In sum, plaintiff’s position results not from Atlas’ use of the corporation for a fraudulent purpose, but from its own act, deliberate or unthinking, in accepting the corporation as the sole contracting party.
Settle judgment and order in one paper dismissing the first, second and third causes of action and severing and continuing the fourth cause of action.