COMMISSION ON ECUMENICAL MISSION AND RELATIONS OF THE UNITED PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, Respondent, v. ROGER GRAY, LTD., et al., Appellants.

First Department, April 9, 1970.

*Gerald Moss* of counsel (*Harlow & Moss,* attorneys), for appellants.

*Edward N. Costikyan* of counsel (*Joseph J. Ackell* with him on the brief; *Harlow & Moss,* attorneys; *Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison,* attorneys), for Roger Gray, Ltd., appellant.

*Mark D. Geraghty* of counsel (*Adrian A. Colley* with him on the brief; *Burke & Burke,* attorneys), for respondent.

STEUER, J. Plaintiff is the owner of the premises located at 554 Madison Avenue, having acquired the same by testamentary gift from Vartan H. Jinishian, the sole stockholder of Madison Realty Co. (Madison), the former owner, on May 17, 1966. The corporate defendant Roger Gray Ltd. (Gray) is a tenant of store premises in the building, pursuant to a lease dated March 30, 1964, and expiring January 31, 1971. Defendant has asserted that the term of the lease was extended to January 31, 1974. Plaintiff brought this action for a declaratory judgment adjudicating that the purported extension of lease was of no force or effect and that consequently the lease will expire on January 31, 1971. Plaintiff has had summary judgment.

The purported extension is a letter dated February 14, 1966, and is signed " Madison Avenue Realty Corporation by Harry Aprahamian, Manager." It is plaintiff's contention that this letter cannot effect a modification of the lease because its validity is negated by the Statute of Frauds. Indisputably the extension, to be enforceable, would have to be " in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing " (General Obligations Law, § 5–703, subd. 2). Here the party to be charged is Madison. The letter-extension agreement was signed by it. However, it not being a natural person, some individual must execute the instrument on its behalf. For the instrument to be the act of the corporation, that person must be authorized to do the act of the corpora-

tion. Whether or not he has been so authorized must be determined according to the general corporate law and is not affected by the General Obligations Law. Once it is determined that the signer was authorized to sign for the corporation, the corporation has signed and the statute is satisfied.

Attention has been called to certain decisions which bear on the proposition above discussed (*Hasenfratz* v. *Berger Apts.,* 61 N. Y. S. 2d 12; *Klores* v. *Empire Tit. & Guar. Co.,* 64 N. Y. S. 2d 477; *Terrace Ct. Realty* v. *Fifth Ave. Realty,* 27 Misc 2d 110). All of these deal with the effect of signatures of persons purporting to sign for corporations. A careful reading of these opinions leads to the conclusion that as regards certain corporate officers (and the various courts are not in complete accord as to which ones) the signature is that of the corporation by its alter ego, namely, the officer in question. With others, the authority must be substantiated by proof.

Even if it be assumed that the writing evidencing the claimed extension is signed by an agent as distinct from the corporation itself, issues of fact are presented. There is no requirement in the General Obligations Law that the writing authorizing the agent be embraced in the document which granted the extension. Nor has our attention been called to any binding or persuasive holding that requires the authorization to refer to the specific instance. On the contrary, in other Statute of Frauds situations, authority may be found in extraneous writings (*Crabtree* v. *Elizabeth Arden Sales Corp.,* 305 N. Y. 48). Of course, it is always a question whether general authority includes the specific instance (*Perfetti* v. *Salvation Army,* 31 A D 2d 580). Either way the question is viewed, a factual question is presented.

Order entered September 22, 1969, granting summary judgment should be reversed on the law, the judgment vacated, and the motion denied, with costs and disbursements, to appellants.

McGivern, J. (dissenting). Some of the observations of the majority anent the capacity of an authorized person to bind a corporation are all very true. But we are dealing here with a specific statute, specifically relating to real property and literally mandating that the authority of the agent be " authorized by writing " (General Obligations Law, § 5–703, subd. 2; § 5–1111). Thus, I fail to see how a trial would be other than an idle ceremony. It is clear now that no such writing exists either singly, or collectively as resulting from any grouping of the deficient communications in the record. And all the evidence is on display now, this being a motion for summary judgment.

(*Dodwell & Co.* v. *Silverman,* 234 App. Div. 362; *Kramer* v. *Harris,* 9 A D 2d 282.) Where it is clear, as it is here, that the *controlling* facts in the affidavits of both parties are undisputed and that these ultimate facts would not be changed by further developments, summary judgment is a proper remedy. (*New York Tel. Co.* v. *Telesystems Corp.,* 27 A D 2d 866.) Here, it is not even suggested that pertinent disclosure is not complete. And in their totality, the writings do not amount to a written authorization as exacted by the statute, with or without specific referability to the leasehold. (See *Hamilton Park Bldrs. Corp.* v. *Rogers,* 4 Misc 2d 269; *Sloan Foundation* v. *Atlas,* 42 Misc 2d 603.) Nor can estoppel be invoked, as the tenant was charged with knowledge of the infirmity of the agent's authority relating to real property; and such renovations as were made by the tenant were not unequivocally referable to the claimed extension of the lease. On this record, they must as a matter of law be held to be reasonably attributable to the tenant's valid pre-existing lease for a term of five years, commencing but 14 days prior to the date of the challenged extension agreement. And if there were any change of position, it was a change the tenant had no right to make. (*Lancaster of Fresh Meadow* v. *Suderov,* 6 Misc 2d 12; *Central N. Y. Realty Corp.* v. *Abel,* 28 A D 2d 50.) The very affidavits of the agent demonstrate he himself knew he was no plenipotentiary when it came to real estate. Invariably, he sought ratification, as indeed he had to, not being an officer, not even a director or a known dominant stockholder. His own practice negates the claimed authority. In any event, the statute barred his way, with its demand he first get authorization, which alas, in this case, he did not get, although it was a *sine qua non* for a valid extension of the lease.

Special Term was correct and should be upheld.

EAGER, J. P., CAPOZZOLI and NUNEZ, JJ., concur with STEUER, J.; McGIVERN, J., dissents in opinion.

Order and judgment (one paper) reversed on the law, with $50 costs and disbursements to the appellants, the judgment vacated and the motion denied.